[Criminal No. 142.   Filed March 19, 1901.]

[64 Pac. 492.]

JOSEPH TAMBORINO, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW—EVIDENCE—CROSS-EXAMINATION—SCOPE — IMPEACHMENT.—On a prosecution for assault with intent to commit murder, a witness having testified to her presence at the affray, and as to what she saw and heard, it was proper to ask her on cross-examination if she had not made other statements about the matter, and, if she denied that she had, to show by other witnesses the statements she did make.

ON REHEARING.   For former opinion, see *ante*, p. 194, 62 Pac. 693.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. R. E. Sloan, Judge. Affirmed.

Herndon & Norris, and G. H. Collins, for Appellant.

C. F. Ainsworth, Attorney-General, for Respondent.

PER CURIAM.—This is a rehearing. The first hearing on appeal was in the January term, 1900, and judgment of affirmance was rendered by this court November 9, 1900, reported, *ante*, p. 194, 62 Pac. 693. The principal subject there discussed, and which was the question discussed upon the rehearing, was, Did the court commit error in allowing impeaching evidence against the statements of Stella Carroll, a witness for the defendant? We there said the question to be solved was not whether in fact Tamborino had shot Tovera, nor whether in fact Tovera had shot Tamborino, nor

whether indeed either of them had been shot, but who had commenced the affray, or had it been commenced by Tamborino in such a way as to make the verdict of the jury of assault with a deadly weapon a correct verdict? Whether Tamborino had drawn his gun at the time the conflict commenced in such a way as to become the aggressor was an important inquiry. Stella Carroll was called as a witness for the defendant, was friendly to the defendant, and her evidence tended to show that Tamborino was not the aggressor. We still hold that her presence at the scene, her hasty departure, the fact of a shot being fired, and her evidence as to what she says she did not see, made it perfectly proper cross-examination to ask her if she did not make other statements about the matter, and, if she denied that she had, to show by other witnesses the statements she did make. The judgment of the district court is affirmed.