[Civil No. 3477. Filed October 8, 1934.]

[36 Pac. (2d) 576.]

A. H. FAVOUR, as Member of the Colorado River Commission of Arizona, Petitioner, v. ANA FROHMILLER, as State Auditor, Respondent.

Messrs. Favour & Baker and Mr. John Mason Ross, for Petitioner.

Mr. Arthur T. La Prade, Attorney General, and Mr. Frank W. Beer, Assistant Attorney General, for Respondent.

ROSS, C. J.—This is an original application by A. H. Favour, a member of the Colorado River commission, for a writ of *mandamus* against Ana Frohmiller, state auditor, to compel her to audit and allow his itemized and verified claim for travel, hotel bill and incidental expenses for a trip to Washington, D. C., in October, 1933, in attendance upon the business of the commission, amounting to $442.35.

The respondent disallowed the "items covering hotel and meals," because, as she says, they are "in excess of $5.00 per day as allowed by chapter 40, Laws 1933." On behalf of respondent, the Attorney General filed a general demurrer to the petition and, in his argument in support thereof, urges the point made by respondent in disallowing items for hotel and meals because they are in excess of $5 per day.

The only question in dispute, then, is whether the petitioner's expenses for hotel and meals are to be governed by the act creating the Colorado River commission, to wit, chapter 3, Laws 1929, or by section 2803, Revised Code of 1928, as amended by chapter 40, Laws 1933.

The first of the above acts, the one creating the Colorado River commission, states:

"Section 2. It shall be the duty of the said commission to enter into negotiations with accredited representatives of the states of Colorado, California, Nevada, New Mexico, Utah and Wyoming, and the federal government, either severally or jointly, with a view to effecting an amicable and equitable agreement or agreements respecting the allocation of the

waters of the Colorado river and its tributaries, and other benefits to be derived from the development of the said river, and respecting any and all matters that relate to rights of the state of Arizona, or of the citizens and property owners of the state of Arizona, in and to the waters of the Colorado river or its tributaries.''

Subsequent sections go more into detail prescribing the powers and duties of the commission. Section 5 contains the provision under which petitioner justifies his claim and reads as follows:

''Members of the commission shall serve without pay, provided, however, that when actually engaged in the duties as outlined herein, and when attending upon the business of the said commission, they shall be reimbursed for travel, hotel bills and incidental expenses.''

This provision should govern unless it has been by subsequent legislation repealed. The section of the statute relied upon by respondent as repealing it is section 2803, as amended by chapter 40, Laws 1933, and is found in chapter 65, Revised Code of 1928, entitled ''Salaries of public officers'' (section 2791 et seq.). An inspection of that chapter shows that it provides for the salaries of regular officers of the state and counties and precincts, both executive and judicial, including deputies where allowed by law. Section 2803, before it was amended by chapter 40, *supra,* provided only for ''mileage and traveling expenses'' of ''public officers,'' which, under every canon of construction known, means the kind of officers enumerated in the preceding and subsequent sections of chapter 65. As amended by chapter 40, *supra,* this section now reads:

''Sec. 2803. *Mileage and Traveling Expenses.* Whenever the official duties of a public officer make it necessary for him to travel from the point where

he is required by law to maintain his office, he shall be allowed mileage and traveling expenses not in excess of actual reimbursement, to be computed as follows: If to a point without the state, a sum equal to the aggregate of railway fare and pullman charges; if within the state, a sum equal to railway or stage fare; where private conveyance is used, not to exceed five cents per mile traveled, all distances to be measured by the nearest regularly traveled road, and if more than one officer, employee, or other public agent is transported in the same private automobile, only one mileage shall be charged or allowed; no claim for lodging and meals for one person shall exceed five dollars per day. Members of boards of supervisors shall be allowed mileage from their homes to the city or town limits of the county seat when attending meetings of the board. No claim for traveling expenses shall be allowed unless all items for transportation by common carrier, or for lodging, are verified by vouchers."

This amended section is directed at the same officers as before it was amended, that is, salaried public officers of the kind enumerated in chapter 65. We say this because its extension to include "other public agent," under the rule of *ejusdem generis,* refers to public agents of the same kind as those immediately preceding the phrase "other public agent," to wit. public officers and employees compensated by salary.

The amendment also applies only to the officer "required by law to maintain his office" at a definite place within the state, from which he may compute his expenses. The Colorado River commission may maintain as many offices as it deems necessary, and wherever necessary, either within or without the state. Subdivision 5, § 4, chap. 3, Laws 1929. The rule for computing expenses under the amendment could not be applied if a commissioner should travel from an office of the commission maintained outside the state. We would not impute to the legislature an

intention to compel a commissioner to render valuable services for the state for nothing and at the same time pay his expenses out of his own means. The words "public officer" as used in section 2803 before it was amended were limited to salaried public officers, and there is nothing in the amendment showing the legislature intended to extend their meaning to include any other public officers of the state.

The limit of $5 per day for lodging and meals put into section 2803, as amended, was evidently intended by the legislature to apply to the officers named in that chapter, and not to those officers of the state created for a specific purpose by a special act prescribing therein their duties and powers and providing for their expenses in the performance of such duties.

Repeals may be by a statement to that effect in the repealing statute or by implication. 59 C. J. 900, § 501. There is no express repeal of section 5, chapter 3, Laws 1929, by the amendment to section 2803. The subject matter of that section is not the same as the subject matter of the amendment to section 2803, the subject matter of the former being the expenses of nonsalaried members of the Colorado River commission, and the latter the expenses of salaried public officers, employees and agents.

The two acts are not inconsistent or repugnant to each other and do not conflict, but show that the legislature, as was its right, discriminated between those officers who are paid salaries and those who receive no compensation for their labors, by limiting the per diem for "lodging and meals" of the former and not limiting the amounts for which the latter *"shall be reimbursed* for travel, hotel bills and incidental expenses."   (Italics ours.)

Chapter 3, Laws 1929, is a special act concerning only the Colorado River commission and providing for the expenses of its members, whereas chapter 65, of which section 2803, as amended, is a part, is a general act intended to apply to the regular state, county and precinct officers who are elected or appointed at regular intervals and are paid salaries.

While a special act may be impliedly repealed by a general one, if that be the legislative intention, the presumption is to the contrary. To overcome this presumption the legislative intent must be plainly, clearly and unequivocally manifest. 59 C. J. 931, § 536; *Industrial Com.* v. *Arizona State Highway Com.*, 40 Ariz. 163, 10 Pac. (2d) 1046.

We conclude the alternative writ should be made peremptory, and it is so ordered.

McALISTER, J., concurs.

LOCKWOOD, J.—I dissent. The majority opinion holds:

"The limit of $5 per day for lodging and meals put into section 2803 as amended was evidently intended by the Legislature to apply to the officers, named in that chapter, and not to those officers of the state created for a specific purpose by a special act prescribing therein their duties and powers and providing for their expenses in the performance of such duties."

If this be the law, and the section applies only "to the officers named in that chapter," not only the members of the Colorado River commission, but the members of the board of directors of state institutions, the fish and game commission, the barbers and cosmeticians, the board of child welfare, and the livestock sanitary board, to mention only a few of the various state officers not named therein, have no

limit placed on their expenses for meals, lodging and mileage, it being only the elective and two appointed state officers who are required to keep their expenses within the amount fixed by the section. I cannot conceive such discrimination to have been intended by the legislature. As a citizen, I believe that the limit set is entirely too low for officers having such duties as do the Colorado River commissioners, but we are not allowed, as judges, to substitute our individual opinion on this point for the formal declaration of the body constitutionally authorized to decide it. I think chapter 40, Session Laws 1933, was meant by the legislature to apply to all public officers, whether they are named in chapter 65, Revised Code of 1928, or not.