278 P.2d 427

ARIZONA CORPORATION COMMISSION, and Mit Simms, William T. Brooks, and Timothy D. Parkman, as members thereof, Appellants,

v.

CATALINA FOOTHILLS ESTATES, a corporation, Appellee.

No. 5973.

Supreme Court of Arizona.

Dec. 21, 1954.

Ross F. Jones, Atty. Gen., and William Penn, Asst. Atty. Gen., for appellants.

Boyle, Bilby, Thompson & Shoenhair, Richard B. Evans, Tucson, for appellee.

UDALL, Justice.

Appellee, Catalina Foothills Estates, a corporation, brought an independent action in the superior court against appellants, Corporation Commission of the State of Arizona and the individual members thereof, to vacate and set aside an order of the commission. Judgment was rendered in favor of the plaintiff, and defendants forty-eight days thereafter gave notice of appeal to this court. Plaintiff (appellee) has moved the court to dismiss the appeal on the ground that it was not taken within thirty days from the entry of judgment. Defendants (appellants) resist the motion claiming they had sixty days in which to take the appeal. We shall hereafter refer to the parties as they were designated in the lower court.

The question is whether the appeal was timely. If it was, the motion should be denied. If it was not, it should be granted, as the time permitted to take appeals may not be extended. Rules Civ.Proc., Rule 6(b) (now appearing as section 21–327, A.C.A.1939). This precise question has arisen before and we therefore believe the matter is of such importance to the practice of law in Arizona that we should depart from our ordinary custom of determining motions without written opinions.

The legislature in enacting chapter 69, article 2, A.C.A.1939, entitled Public Service Corporations, expressly provided in section 69–249 thereof for a new and independent action in the superior court to set aside orders or decisions of the corporation commission. See, Metropolitan Lines v. Brooks, 70 Ariz. 344, 220 P.2d 480. Incorporated within this statute is the following provision granting an appeal to this court, which has been in force since statehood (1912):

"* * * Either party to said action, or the attorney general on behalf of the state, within thirty (30) days after the rendition of the judgment of the superior court, may appeal to the Supreme Court. * * *"

Plaintiff maintains that the thirty-day time limit fixed therein is controlling. The defendants, on the other hand, insist that the adoption in the year 1940 of Rule 72, Civ. Proc. as amended (now appearing as section 21–1801, A.C.A.1939, 1952 Cum.Supp.), worked an implied repeal of the inconsistent provision of the earlier statute set forth above. Rule 72, supra, provides:

"When an appeal is permitted by law to the Supreme Court, it shall be taken by notice filed with the superior court within sixty (60) days from the entry of the judgment or order appealed from, as provided by these rules. * * *"

In the case of Ramsey v. Arizona Corporation Commission, our number 5401 (by a minute order dated September 26, 1950), we granted a motion to dismiss an appeal under similar circumstances. The identical contention was again raised in the case of Old Pueblo Transit Co. v. Corporation Commission, 73 Ariz. 32, 236 P.2d 1018, 1020. However we there stated:

" * * * it is not necessary for us to pass upon the proposition presented that Rule 72 * * * fixing the appeal period within 60 days from entry of judgment, constitutes and effects an implied repeal of the special 30-day appeal period provided for in section 69–249 and we therefore express no opinion thereon."

Although we have been called upon many times to determine whether a later legislative enactment impliedly repealed a former statute, this is the first time we have had to determine whether a statute pertaining to a special procedure which had become a rule of court under section 19–204, A.C.A.1939 was impliedly repealed by this court's subsequent adoption of a general rule of civil procedure. However, the rules of statutory construction by which the former determinations were made may well be applied to the instant problem. The principles here to be applied are those governing implied repeal of an earlier special act by a later general enactment. Our leading case on the problem is Rowland v. McBride, 35 Ariz. 511, 281 P. 207, 210. The question there presented was whether an appropriation for 'improving a highway from Casa Grande to Gila Bend had been impliedly repealed by later enactment of the Highway Code. The court speaking through Mr. Justice Ross laid down the following principles:

"The rule is that a later act, general in its terms, will not be construed as repealing a prior act treating in a special way something within the purview of the general act. In other words, a special or particular statute is not repealed by a general statute, unless the intent to repeal is manifest. * * *

"It should also be borne in mind that 'repeals by implication are not favored, and will not be indulged if there is any other reasonable construction.' * * *

"Another rule is 'that different statutes bearing upon the same subject matter should be so construed, if possible, as to give effect to all.' * * *"

For later applications of these tenets, see: Favour v. Frohmiller, 44 Ariz. 286, 36 P.2d 576; State v. Miser, 50 Ariz. 244, 72 P.2d 408; Shapley v. Frohmiller, 64 Ariz. 35, 165 P.2d 306; Arizona Tax Comm. v. Dairy & Consumers Cooperative Ass'n, 70 Ariz. 7, 215 P.2d 235.

Let us apply these principles to the record in the instant case.

(1) Is the intent to repeal here manifest? Defendants contend that the court's purpose in adopting the 1940 Rules simplifying procedure manifests an intent to make standard and uniform the time for perfecting appeals.

The intent of the legislature in providing for a shortened time for appeal in an action to set aside a corporation commission order is clear. There are many provisions for judicial review by this court after action in the superior court attacking decisions of various administrative boards of the state. In most cases it is expressly stated that such appeals are to be taken as in other civil matters; e. g. section 67–120, A.C.A.1939, which provides for appeals from decisions of the state barber board. However, in certain of these proceedings the legislature has declared that the right to appeal granted by it shall be exercised within a time shorter than usually allowed. For example, appeals from mandamus proceedings to compel the secretary of state to accept and file an initiative petition must be brought within ten days. Section 60–105, A.C.A.1939. It thus appears that when, as in the instant case, a controversy of importance affecting the general public arises the legislature has provided for a speedy determination by the courts.

The intent of this court in promulgating the Rules of Civil Procedure was only to regulate procedure in proceedings of court origin. Cf. Mohave County v. Stephens, 17 Ariz. 165, 170, 149 P. 670. In the leading case of Hannon v. Grand Lodge, A.O.U.W. of Kansas, 99 Kan. 734, 163 P. 169, 170, L.R.A. 1917C, 1029, it was contended that the legislative enactment of a code of civil procedure had impliedly repealed an earlier statute specifying the time in which appeals by fraternal benefit associations must be taken. In holding there had been no implied repeal, the court said:

"* * * A number of statutory provisions limiting the time within which certain actions shall be brought are found outside of the Code of Procedure, * * *. These provisions in a sense may be said to be amendatory of and supplemental to the Code of Procedure. But essentially they are independent enactments, and have been so treated. * * * Doubtless many statutes relating to substantial rights, and dealing with matters of procedure only incidentally, contain provisions that by necessary implication restrict

the application of sections of the Code, and may to that extent be said to amend or supplement them. But clearly the Legislature had no thought of wiping out these special limitations and restrictions when it repealed the old Code * * *. Its obvious purpose was to install a new procedural system, complete in itself, and superseding all former legislation directed to that specific subject. The repeal reached all acts which expressly amended or supplemented the Code, *but not those which affected it only impliedly and incidentally.*" (Emphasis supplied.)

See, 50 Am.Jur., Statutes, Sec. 554; 82 C.J.S., Statutes, § 298c.

■ We find no manifest intent on the part of this court to override the legislature's declarations that certain matters must be more speedily presented to and determined by the court. See section 69-250, A.C.A.1939, which grants priority to all actions or proceedings relative to orders or decisions of the corporation commission. Cf. Rule II(5), Rules of the Supreme Court.

(2) Is there any other reasonable construction than that of implied repeal? The answer is clearly yes. It seems only reasonable to us that the court in exercising its rule-making power did not affect the time specified by the legislature within which the right to appeal to this court from a superior court judgment affecting corporation commission orders must be exercised.

(3) Can these two rules be construed so as to give effect to both? Certainly they can. Our discussion above makes it clear that allowing the earlier statutory rule to stand will not create a conflict with the provisions of the Rules of Civil Procedure, hence both can be given effect with consistency. It should be noted that other courts have determined that similar provisions of a code of civil procedure did not work an implied repeal of earlier enactments concerning special proceedings. See Hannon v. Grand Lodge, A.O.U.W. of Kansas, 99 Kan. 734, 163 P. 169, supra; Lee v. Lincoln Cleaning & Dye Works, 144 Neb. 659, 14 N.W.2d 227; Duncan v. Ashwander, D.C.W.D.La., 16 F.Supp. 829.

It therefore appears that none of the requirements justifying a holding that an implied repeal has been effected have been met. We expressly hold that this court by promulgation of Rule 72, supra, had no intention of repealing or in anywise affecting section 69-249, A.C.A.1939, supra.

■ The defendants not having filed their notice of appeal within the time required by section 69-249, supra, this court is without jurisdiction. The motion to dismiss the appeal is therefore granted.

PHELPS, C. J., and STANFORD, LA PRADE and WINDES, JJ., concur.