285 P.2d 165

TOWN & COUNTRY SECURITIES CO., Inc., an Arizona corporation; Heinz Block; Arnold Stole; Pat Miller and John Doe Miller, husband and wife, Appellants,

v.

Herman G. PLACE and Mildred P. Place, husband and wife, Appellees.

No. 5944.

Supreme Court of Arizona.

June 21, 1955.

whose car struck the rear of plaintiff's car while it was stopped for a traffic light. Thereafter this action was filed, and at the conclusion of the trial a verdict and judgment was rendered in favor of plaintiff in the sum of $7,500, from which judgment defendants have instituted this appeal.

Defendants contend that the judgment of the trial court should be reversed on four grounds, which will be discussed in the order presented.

The first ground is based upon the conclusion by defendant that approximately $6,000 of the verdict was awarded by the jury for pain and suffering, and that consequently it is patent that the verdict was influenced by passion or prejudice. However, the record fails to sustain defendants in that conclusion, as there was ample evidence for the jury to award a substantial amount of the verdict for diminution of earning capacity, medical expenses, as well as for future pain and suffering. The evidence disclosed, among other things, that plaintiff had sustained as a result of the injury loss of earnings to the extent of approximately $1,100, accrued medical expenses in excess of $600, and that his earning ability up to the time of the trial was reduced fifty percent or better. In addition it appeared from the testimony of his physician that he would require additional medical treatment twice a month for an indefinite period, and that he would continue to suffer pain and thereby have a diminished earning capacity. Before the injury plaintiff worked as a private

McCarty & Chandler, and David B. Udall, Tucson, for appellants.

Robert F. Miller, Tucson, for appellees.

FARLEY, Superior Court Judge.

Plaintiff sustained a "whiplash" injury to his neck as a result of a collision between his automobile and that of defendants,

detective at a rate of $20 per eight hours and frequently worked in excess of eight hours. His life expectancy was twenty-three years, so that if as indicated by his physician he would be unable to work more than four or five hours per day his diminished earning capacity would alone warrant the jury in fixing the amount of damages awarded to the plaintiff.

But even assuming, as contended by defendant, that the verdict did contemplate such a sum for pain and suffering, it does not necessarily follow that it was influenced by passion or prejudice, as under the court's instructions the jury was empowered among other elements of damage to award plaintiff such sum as would fairly compensate him for any pain and suffering. Pain and suffering are variables and each injury must be appraised on the reasonableness of the award for those elements of damage peculiar to each injury. Unless the award is such as to shock the conscience of the court it must stand. Stallcup v. Rathbun, 76 Ariz. 63, 258 P.2d 821.

■ Defendants' second assignment goes to the testimony of Dr. Gotthelf who stated there was a probability that plaintiff's injury was of a permanent nature but that he could not give an unqualified opinion thereon. While the doctor declined to say with certainty that plaintiff's injuries were permanent he repeatedly stated they were probably of a permanent nature. It is apparent that his answers on that subject were typical of medical witnesses, who are wont to term their profession as not an exact science. The evidence in this instance complies with the test enunciated by this court in the case of Coppinger v. Broderick, 37 Ariz. 473, 295 P. 780, 81 A.L.R. 419.

■ The third basis for defendants' plea for a reversal is grounded upon the trial judge's refusal to permit the jury to view an exhibit which was admitted in evidence solely for the purpose of permitting the plaintiff to testify as to his earnings and the loss of revenue. Because many of the items were hearsay and had no bearing on the issues the court concluded to keep the exhibit from the jury but to permit the witness to use it as a basis for his testimony on loss of earnings. Defendants concede that in the absence of a statutory pronouncement to the contrary it is within the trial court's discretion to designate the exhibits to be taken to the jury room. 5 C.J.S., Appeal and Error, § 1617; Kimball v. Statler, 20 Ariz. 81, 176 P. 843. Counsel for defendant had every opportunity to examine it and to impeach the entries therein, so it does not appear that the court abused its discretion in keeping the exhibit from the jury.

The defendants' last assignment goes to the refusal of the trial judge to give a requested instruction on unavoidable accident. The defendant Miller testified that while operating the corporate defendant's vehicle, which she had not driven previously, her foot apparently slipped from the brake and her car rolled three feet forward and hit plaintiff's car. She also stated that as she

alighted from her car she said, " * * * I apologized. My first words were, 'I'm sorry', and 'I don't know what happened. * * *'"

An unavoidable accident is such an occurrence as under all the circumstances could not have been foreseen, anticipated, or avoided in the exercise of ordinary care. McBride v. Woods, 124 Colo. 384, 238 P.2d 183, 29 A.L.R.2d 101. A person operating a motor vehicle in urban traffic is required to exercise ordinary care to keep the vehicle under control to meet recurring traffic problems. To warrant an instruction on unavoidable accident there must be evidence which would warrant an inference that it was an unavoidable accident. 61 C.J.S., Motor Vehicles, § 522 b (1). It is our conclusion that the evidence before the court would not justify a finding that the accident was unavoidable and hence the denial of the proffered instruction was correct.

The judgment is affirmed.

LA PRADE, C. J., and WINDES, PHELPS, and STRUCKMEYER, JJ., concurring.

NOTE: Justice LEVI S. UDALL having disqualified himself, the Hon. GORDON FARLEY, Judge of the Superior Court of Santa Cruz County, participated in his stead in the determination of this appeal.