326 P.2d 36

Bernhard BELIAK, by his next friend, Jacob Beliak, and Jacob Beliak, individually, Appellants,

v.

Walter Stanton PLANTS, Appellee.

No. 6342.

Supreme Court of Arizona.

May 28, 1958.

Rehearing Denied June 24, 1958.

Snell & Wilmer and Roger W. Perry, Phoenix, for appellants.

Stockton & Karam, Phoenix, for appellee.

PHELPS, Justice.

This is an appeal from a judgment in favor of appellee Walter Stanton Plants (hereinafter designated as defendant) and against appellants Bernhard Beliak by his next friend, Jacob Beliak, and Jacob Beliak individually. (Beliak will be hereafter designated as plaintiff, and the child, as Bernhard.)

The facts are that Bernhard is the infant son of plaintiff. On May 10, 1954, Bernhard who was then five and one-half years old was seriously injured by an automobile operated by defendant. The parties lived on the same street which was only one block long, unpaved and without curbs or sidewalks. Defendant lived on the west side of the street and Bernhard lived with his mother and plaintiff across the street and a little to the south of defendant's residence. The width of the street is not disclosed. A portion of the street in the center was oiled —width not shown. The shoulder in front of defendant's home was approximately 13 feet wide. There was a 27 foot long trailer parked in front of defendant's home two feet from an oleander hedge on the property line and three to four feet from the oiled part of the street. The front of the trailer was approximately 11 feet north of the north edge of the driveway which ran along the south property line of defendant's property into his carport.

On the morning of the accident defendant was backing his Chevrolet car out of his carport preparatory to driving one block north on said street to Fairmont. As he walked from his house to the car he did not see anything. He testified that he came out of his door and walked around back of his car to the left side, got into the car, started the motor, and backed slowly out. The width of the driveway leading from the carport to the street is not shown, but

there were verbenas growing along the south side of the driveway and extending a foot or 18 inches out over the driveway. Defendant was watching these flowers as he backed out in order not to run the car over them.

Defendant stopped near the edge of the oiled portion of the street and then proceeded to back up cutting the rear end to the south in order to head the car north toward Fairmont street. When the car was about at the center of the oiled portion of the street and headed northwest, he heard a crash to the rear of the car. He had not seen any children in the street or along either side of the street, either when "going out or in." When defendant heard the crash to the rear of his car, he immediately stopped it and got out and walked around back of the car to investigate. He saw Bernhard running toward home "hollering" and saw two small boys standing across the street. He noticed a little red wagon under the car. This little wagon had been run over by his car. It was this that made the noise he had heard.

The mother of Bernhard did not permit him to play in the street, but he would occasionally do so when other children came around. On the day of the injury he was given permission to play with a boy who lived across the street, but they were told to play close around in the yard. He had been out of the house only about ten minutes when the injury occurred. There was comparatively little traffic on the street because of its length and because it had a dead end to the south. Other facts will be related in discussing the law of the case.

Bernhard suffered, among other things, a ruptured spleen which had to be removed. Successful surgery was performed the night of the accident. Action was thereafter brought. Verdict and judgment was for defendant. This appeal followed.

■ In the first assignment of error plaintiff complains of the following instruction:

"You are instructed that the driver of an automobile is not required to anticipate the sudden appearance of children in his pathway under ordinary circumstances."

Plaintiff claims that there is no evidence in the record that Bernhard "suddenly appeared" in defendant's pathway. We are constrained to agree with this view. No witness saw Bernhard from the time he was permitted by his mother to play close in the yard and until defendant got out of his car when he heard the crash to the rear thereof and saw Bernhard running toward is home "hollering" after he had been injured by defendant's car.

■ The testimony of defendant clearly shows that the first time he looked to see whether the street was clear was after he had backed his car out to the edge of the street and stopped. He then looked to the

north and to the south for *traffic* and saw nothing whatever in the street. He did not see anybody any place in either direction. He then looked through the mirror above his windshield and saw nothing except that when he had backed a foot or two he saw "a little flash right down to the bottom of the window and I thought it was a bird just flipped past the rear." He testified that he thought it was across the street in Mrs. Zimmerman's yard. His car was equipped with an outside rear view mirror on the left side, but he did not use this mirror to see if there was anything immediately behind his car. The evidence does not show that he looked through the mirror above the windshield after he began to back into the center of the street in a southeasterly direction. Neither does it show that he at anytime leaned out of the window to determine if anyone had "suddenly appeared" in his pathway. There is nothing in the evidence to show how or when Bernhard got to the point where he was struck by defendant's car. He could have been back of the car all of the time. If he was, use of the outside mirror might or might not have revealed his presence when the car was cut to the south. We do not wish to be understood as holding that it was defendant's duty to do all or any of these things and that his failure to do them made him guilty of negligence. That is a question for the jury. What we are saying, however, is that the record is devoid of any evidence, even when considered in the light most favorable to defendant's theory of the case, justifying the court in giving the above instruction on the sudden appearance of Bernhard in the path of defendant's car. There just isn't any evidence, outside the realm of speculation, to support it. It therefore constituted reversible error to give it. Butane Corp. v. Kirby, 66 Ariz. 272, 187 P.2d 325.

We are also of the opinion that since defendant knew that the six to eight children who lived on his block sometimes played in and around this lightly traveled dead end street, he was under a duty to anticipate that they might suddenly get into the path of his automobile and accordingly was required to exercise such care as a reasonable prudent person would exercise under similar circumstances. It was therefore error under the circumstances of this case for the court to instruct the jury that the driver of an automobile is not required to anticipate the sudden appearance of children in his pathway.

In the second assignment of error plaintiff asserts that the court erred in giving the following instruction requested by the defendant:

"You are instructed that if you find from a preponderance of the evidence that the accident in which plaintiff, Bernhard Beliak, was injured was an unavoidable accident; that is, one

216

which under all the circumstances is [*sic*] shown by the evidence was not the fault of either Bernhard Beliak or defendant, Walter Stanton Plants, the plaintiffs cannot recover."

for the reason that there is no evidence in the record to support an instruction on the doctrine of unavoidable accident.

 "An unavoidable accident is one which occurs while all persons concerned are exercising ordinary care, that is, one not caused by the fault of any of the persons; if the accident producing the injury could have been prevented by either person by means suggested by common prudence it is not deemed unavoidable." Gray v. Woods, 84 Ariz. ——, 324 P.2d 220, 224.

It is an occurrence which, under all the circumstances, could not have been foreseen, anticipated, or avoided in the exercise of ordinary care by both parties. Town & Country Securities Co. v. Place, 79 Ariz. 122, 285 P.2d 165. We are of the view that an inference might properly have been drawn from the evidence in this case, when considered in the light most favorable to the defendant, that would justify the court in giving an instruction on "an unavoidable accident."

 Although no assignment of error raised the point, in view of the fact that the case is being sent back for a new trial, we feel we should call attention to a defect in the instruction as given under the facts of this case. It defines an unavoidable accident as "one which under all the circumstances is [*sic*] shown by the evidence was not the fault of either Bernhard Beliak or defendant, Walter Stanton Plants." If Bernhard had been an adult, the wording of the instruction would have been correct, but he was then only five and one-half years of age. This instruction clearly but erroneously implies that Bernhard was capable of committing an act of negligence under the law. This being true, it follows that if the jury found Bernhard was negligent, he could not recover damages against defendant even though it found defendant was also negligent. There is no other instruction in the record that cures this. The only other instruction bearing upon the proposition is to the effect that the negligence of the parents cannot be imputed to Bernhard. But the instructions nowhere expressly inform the jury that Bernhard is not legally responsible for his acts, either of omission or commission, because of his age. If the instruction on unavoidable accident is given at the new trial, it should be corrected so as to eliminate this erroneous implication. An instruction in this case that if the jury found the defendant was not guilty of negligence proximately resulting in the injury to Bernhard, the verdict must be for defendant, would serve exactly the same purpose as an instruction on an unavoidable accident.

We are further of the view that plaintiff's requested instruction No. 1 should have been given. This instruction was to the effect that a driver of a car must exercise greater caution for the protection and safety of a young child than for an adult. Plaintiff was entitled to have the instruction given to the jury. It was error to refuse it.

It follows from the above rulings that plaintiff's motion for a new trial should have been granted.

Judgment reversed and cause remanded for a new trial.

UDALL, C. J., and WINDES, STRUCKMEYER and JOHNSON, JJ., concur.