412 P.2d 852

Viola TRICKEL, Jim A. Trickel, a minor, by Viola Trickel, next friend, Appellants,

v.

RAINBO BAKING COMPANY OF PHOE-NIX, a corporation, and Kenneth Prewitt, Appellees.

No. 7212.

Supreme Court of Arizona.

En Banc.

April 6, 1966.

Ira J. Bergman, Phoenix, for appellants.

Snell & Wilmer, by Roger W. Perry and Donald R. Kunz, Phoenix, for appellee.

UDALL, Justice.

This is an appeal from an action in negligence, tried to a jury, wherein damages were sought for personal injuries sustained by a minor when struck by an automobile. Nine members of the jury returned a verdict for defendants, appellees herein, and judgment was rendered on the verdict by the trial court.

Plaintiffs, appellants herein, moved for a new trial which was denied, urging error in the giving and refusal to give certain instructions, together with error in the admission of a written statement purportedly impeaching in nature. While the record on appeal was being prepared, appellants moved to strike appellees' supplemental designation of record on appeal pursuant to Rule 75(e), Arizona Rules of Civil Procedure, 16 A.R.S. Appellants also assign as error the trial court's denial of this motion.

Jim A. Trickel, a minor of the age of four years, eleven months was struck on July 16, 1958 by a westbound station wagon driven by appellee, Kenneth Prewitt, within a school crossing defined by yellow lines on Roosevelt Street, a thoroughfare running east and west in the city of Phoenix. Appellee Prewitt, an employee of appellee, Rainbo Baking Company, of Phoenix, was returning to the company's business premises after making a special delivery to a customer when the accident occurred. The usual speed limit as posted in the area was 35 M.P.H., and there was testimony that Prewitt was not exceeding the posted speed limit prior to the accident.

During cross-examination of appellant's witness, John Luther, the attorney for appellees produced a written statement, which had been reduced to writing by someone other than the witness but admittedly bearing the witness' signature, for purpose of impeachment of the witness' testimony on direct examination. The writing was admitted in evidence over appellants' objection for lack of foundation, thus becoming appellants' first question presented for review.

 It is generally necessary, before a witness may be impeached by extrinsic evidence of prior inconsistent statements, that proper foundation must be laid on cross-examination. In certain situations, however, this procedure is not necessary. Where a witness denied making the statement or is evasive, it is not necessary to ask the customary warning question: "He cannot, by answering that he has no recollection of having made the former statements imputed to him, defeat the right of the impeaching party to prove that he did make such statements." Tamborino v. Territory, 7 Ariz. 194, 198, 62 P. 693, affirmed 7 Ariz. 246, 64 P. 492. See also, State v. Polan, 80 Ariz. 129, 293 P.2d 931. See generally, McCormick, Evidence, § 37. Udall, Arizona Law of Evidence, § 63.

The record clearly shows that witness Luther had no recollection whatsoever of having made the statement or having signed it as indicated by the following excerpt from his testimony:

"Q Do you remember on July 28th, 1958, that a man representing the bakery came to see you at your home?

"A No, I am afraid I don't.

"Q And do you remember at that time signing a written statement which related your recollection of the events around the accident and the accident itself?

"A Gee, I don't remember that at all.

\* \* \* \* \* \*

"Q Do you remember signing this?

"A No, I am afraid I really don't."

The foregoing testimony considered in view of the law in this state shows that the written statement was admissible without the usual warning questions being expounded. The witness merely denied making the statement and thus the usual rule as to impeachment by prior inconsistent applications has no application.

■ Appellants further complain, as ancillary to the foregoing argument, that because the written statement showed the witness had no recollection as to whether the child was walking or running at the time he was struck it was inadmissible for impeachment purposes. This argument is wide of the mark as the witness testified on direct examination that he observed the entire sequence of events of the accident, while the prior written statement indicated that after the child entered the street the witness looked away and did not observe the child until after he was actually struck by the station wagon. The prior written statement was inconsistent with the testimony of the witness on the stand and the statement showed a lack of knowledge or lack of means of such knowledge whereas the witness testified that he witnessed the entire event. These statements were sufficiently inconsistent and materially related to the subject matter to justify the showing of the prior statement so that the jury could determine the credibility of the witness.

■■ Appellants state that even assuming the written statement should have been admitted, it was error to admit the entire written statement as only a portion of the statement was variant with the witness' present testimony. While it would have been proper to admit merely the variant portion and exclude parts that were nonvariant, it was not prejudicial as the nonvariant portions were merely consistent with the witness' testimony which was already before the jury. Moreover, if appellants desired that only a portion of the statement be admitted, they should have so moved, which was not done and are there-

by in no position to assert error as to this matter. We find no merit to appellants' first assignment of error.

■ Appellants next contend the trial court erred in failing to instruct the jury that appellees were guilty of "negligence per se" since at the time of the accident, appellants' motor vehicle was being operated at a speed in excess of 15 miles per hour, and in instructing the jury that the school crossing was in effect only while school was in session as announced by signs to that effect. It was established at the trial that a school crossing existed at the place the accident occurred as indicated by yellow lines upon the pavement and that the child was attempting to use this crosswalk when struck by the vehicle. The accident, however, occurred during the school summer vacation, when the portable school signs were not on the street. Thus, appellants' requested instruction would have charged appellees with negligence as a matter of law if the driver was exceeding 15 miles per hour at the time of the accident regardless of the hour, day, or season of year. This is not the law as established by statutes pertaining to this subject.

A.R.S. § 28-701 is a general speed law setting forth lawful speeds not only for school crossings, but for business districts, residential districts, and highways. This statute fixes a speed limit of 15 miles per hour when approaching school crossings. This general statute is amplified by specific provisions in A.R.S. § 28-797 which provides, in part:

"§ 28-797. School crossings

"A. In front of each school building, or school grounds abutting thereon, the commission by and with the advice of the school board or superintendent of schools, is empowered to mark or cause to be marked by the department, or local authorities, a single cross walk where children shall be required to cross the highway.

\* \* \* \* \* \*

"D. When such crossings are established school authorities shall place within the highway the portable signs indicating that school is in session \* \* \*. School authorities shall maintain these signs when school is in session and shall cause them to be removed immediately thereafter.

"E. No vehicle shall proceed at a speed to exceed fifteen miles per hour when approaching the cross walk and while between the portable signs placed on the highway \* \* \*.

"F. When the clause 'school in session' is used in this section, either referring to the period of time or to signs, it means during school hours or while children are going to or leaving school during opening or closing hours. \* \* \*"

■ It is a fundamental rule that statutes are to be construed together and where different statutes bearing upon the same subject matter exist they must be construed so as to give effect to all. Arizona Corp. Comm'n v. Catalina Foothills Estates, 78 Ariz. 245, 278 P.2d 427; General Petroleum Corp. of Calif. v. Smith, 62 Ariz. 239, 157 P.2d 356, 158 A.L.R. 364. Likewise, it is well settled that where a special provision of a statute deals with the same subject as a general statute, the special provision prevails. Moeur v. Chiricahua Ranches Co., 48 Ariz. 226, 61 P.2d 163; State v. Lumberman's Indemnity Exchange, 24 Ariz. 306, 209 P. 294.

In light of the foregoing statute and statutory rules of construction, it is evident the trial court did not err in refusing to give the negligence per se instruction. The general statute, A.R.S. § 28-701, insofar as it pertains to school crossings is clearly governed by A.R.S. § 28-797 which specifically, and with particularity, spells out the circumstances under which school crossings may be established and when they are operative. Once a school crossing has been established it is operative while school is in session as defined in the statute, and made known to the public by the placement of portable signs as specified by A.R.S. § 28-797. This is not a question of an ambiguous statute requiring judicial construction, but merely a matter of applying a statute that clearly demonstrates the intention of the legislature.

■ Appellants assert, as an adjunct to the foregoing argument, an additional error in the giving of one of appellees' requested instructions to the effect that pursuant to the Manual on Uniform Traffic Control Devices, a crosswalk is not established at a school crossing except when the portable signs provided by A.R.S. § 28-797 are in place. The error asserted is that the Manual constituted an "unlawful usurpation or exercise of the power of the legislature." Appellants contend the Manual is in conflict with standards established by legislative act and therefore are of no effect.

The Manual was specifically authorized by A.R.S. § 28-641 which provides:

"The commission shall adopt a manual and specifications for a uniform system of traffic-control devices consistent with the provisions of this chapter for use upon highways within this state. * *"

The provisions of the Manual, adopted in Arizona, as set forth in the instruction in question, were consistent with the statutes upon which they were based and in no way conflicted with, varied, or contradicted the statute. The trial court was correct in denying appellants' requested instruction and giving appellees' instruction in question.

■ Appellants next attack appellees' requested instruction number 2, as was

given by the trial court, which reads as follows:

"If a child runs out in front of an approaching automobile when the driver is going at a reasonable rate of speed and obeying the rules of the road so that even with exercise of due diligence he is unable to avoid running into the child, he is not liable for any injuries the child sustains even though the child is of such an immature age that he is not to be chargeable with contributory negligence."

Appellants contend the foregoing instruction was a comment upon the evidence and that it was based upon a hypothesis unsupported by the evidence.

The argument that the instruction constituted a comment on the evidence is that it assumes the driver was proceeding at a reasonable rate of speed and obeying the rules of the road. The instruction itself negatives such an argument, for by its terms the instruction assumes nothing as it is conditioned by the clause prefaced by the word "if" which condition the jury must find as a fact before the remainder of the instruction is operative. Although hypothetical instructions are to be used with extreme care we do not believe the instruction set forth above confused or misled the jury. Wolfswinkel v. Southern Pacific Co., 82 Ariz. 33, 307 P.2d 1040. While appellants attack the instruction on other minor grounds and in view of our determination of this matter, the alleged errors are un-

likely to occur in the new trial; and therefore we dispense with any further discussion of this question.

▮ The trial court instructed the jury that as a matter of law the minor plaintiff was incapable of negligence and further instructed the jury that it is necessary to exercise greater caution for the protection and safety of a young child than for an adult person. To complete the instruction, the trial court, at the request of defendants, instructed the jury that knowledge or notice of the circumstances is necessary to invoke the greater caution required—which appellants assign as error. The wording of this instruction is almost identical to the language used in Womack v. Banner Bakery, Inc., 80 Ariz. 353, 297 P.2d 936, which applies to the facts of this case. There was testimony that the driver saw the child prior to the accident which imposed a different duty upon him in regard to the situation. Nor, did the same instruction conflict with appellants' requested instruction, but when considered together merely stated the entire law applicable to the case. This assignment of error is totally devoid of merit.

▮ It is also contended by appellants that the trial court erred in giving appellees' instruction No. 13 which charged the jury, in effect, that a person who is exercising ordinary care may assume that others will likewise exercise ordinary care for

their own safety. Appellants assert the foregoing instruction was confusing by the use of the word "others", arguing that such could be taken by the jury to mean anyone and if the word others was intended to mean appellant Jim Trickel that this placed the burden of showing freedom from contributory negligence which would be contrary to the law.

Reading the instructions as a whole, rather than piecemeal, would indicate no confusion nor defect in the instruction complained of in the assignment of error. The trial court instructed the jury that the minor was not legally responsible for his actions and conduct and that the driver had a duty of greater care when the child's presence was known to him. A reading of all the instructions would tend to negate any alleged error by the trial court in giving the alleged inapplicable instruction. Appellants' assertion that the instruction is defective because it was hypothetical in form has been discussed previously in this opinion and we see no reason to repeat the applicable law again.

■ The trial court instructed the jury regarding the doctrine of unavoidable accident as established by Arizona case law at the time of the trial. Since the trial of this matter we have discussed the propriety of giving an instruction on unavoidable accident in City of Phoenix v. Camfield, 97 Ariz. 316, 400 P.2d 115 (1965) where we stated:

"* * * that while it is always error to give an instruction on unavoidable accident, a plaintiff must show prejudice in the giving of such an instruction. But we also hold that it can never be error to refuse to give the instruction on 'unavoidable accident" and that the instruction should not be given in the ordinary case * * *."

Thus, the question that must be resolved is whether the appellants have shown prejudice by the trial court's giving of the instruction on unavoidable accident in this case.

■ There is no fixed criteria or definite standard that may be applied to determine if the giving of such an instruction is prejudicial, but each case must be decided according to the facts presented. In the instant case there is no question the child was injured by the accident nor is there any question the minor child was struck with a portion of appellees' vehicle. As previously mentioned the driver saw the child prior to the accident, and there was testimony the accident happened on a clear, dry morning and that there were no obstructions which would interfere with the driver's vision. The testimony reveals the child was crossing Roosevelt Street from south to north and Prewitt was proceeding in a westerly direction. The point of impact was five feet south of the north edge of the pavement which would indicate the child, in full view of Prewitt, had proceeded from

the south curb across Roosevelt Street in front of the station wagon before being struck by the front center or front right part of the vehicle. While there was a legal verdict in that nine members of the jury agreed, the verdict was not unanimous. This indicates some doubt on the part of the jury that Prewitt's conduct was not the proximate cause of appellant's injuries. The standard instructions on negligence and proximate cause were given, in addition to the instruction on unavoidable accident, by the trial court. Considering the matter in its entirety we believe that giving the unavoidable accident instruction could have led to misunderstanding and confusion by the jury and placed undue emphasis on a defense of non-negligence that was adequately covered in the instruction as to the proximate cause of the injury. Butigan v. Yellow Cab Company, 49 Cal.2d 652, 320 P.2d 500, 65 A.L.R.2d 1.

▮ The appellants designated less than the complete record, proceedings and evidence to be included in the record on appeal and appellees designated additional portions of the record which they deemed necessary to the decision of the questions presented by the appeal. The appellants moved to strike the supplemental designation which was denied by the lower court. Rule 75(a) of the Arizona Rules of Civil Procedure clearly confer upon an appellee the right to designate additional portions of the record, proceedings and evidence as deemed necessary to properly present the questions to be decided in this Court. Rule 75(h) provides that the superior court may correct or modify the records to conform to the actual proceeding in the lower court. There is absolutely no question that appellees acted in good faith in this matter in causing the record to be supplemented and accordingly the alleged error is without merit.

The judgment of the lower court is reversed and the cause remanded for a new trial due to the prejudicial effect of the instruction on unavoidable accident.

BERNSTEIN, V. C. J., and McFARLAND, J., concur.

NOTE: Justice LORNA E. LOCKWOOD did not participate in the determination of this appeal.

STRUCKMEYER, Chief Justice (dissenting).

I dissent. This cause is being reversed only because the trial court gave an instruction to the jury on unavoidable accident. An unavoidable accident is an occurrence which, under all the circumstances, could not have been foreseen, anticipated or avoided in the exercise of ordinary care by the parties thereto. Town & Country Securities Co. v. Place, 79 Ariz. 122, 285 P.2d 165. An instruction embodying the concept of an unavoidable accident is but

a reiteration of the legal principle that negligence is the failure to exercise ordinary care; meaning, that if the accident out of which the injuries arose could not have been foreseen or anticipated by the use of ordinary care, it is one without fault and hence an occurrence for which there is no liability in damages.

In City of Phoenix v. Camfield, 97 Ariz. 316, 400 P.2d 115, quoted by the majority, we said, " * * * it is always error to give an instruction on unavoidable accident, * * *." This is because the ordinary instructions on negligence and proximate cause are sufficient to advise the jury of the plaintiff's burden to establish the defendant's fault, negligence. But an unavoidable accident instruction may be confusing to the jury in some circumstances because it may not be understood that the court essentially is talking about two sides of the same coin. The jury may seek to attach some peculiar significance to the words "inevitable" or "unavoidable".

We also said, in City of Phoenix v. Camfield, supra, that " * * * a plaintiff must show prejudice in the giving of such an instruction"; and we have held, dependent upon the particular circumstances, that the giving of an instruction on unavoidable accident was prejudicial (see e. g. Gray v. Woods, 84 Ariz. 87, 324 P.2d 220) and that it was not prejudicial (see e. g. Beliak v. Plants, 84 Ariz. 211, 326 P.2d 36).

Butigan v. Yellow Cab Co., 49 Cal.2d 652, 320 P.2d 500, the sole authority cited by the majority to support a reversal was a case in which plaintiff was a passenger in a taxicab which collided with another vehicle in making a turn. There was both a complex factual situation and numerous legal principles to be applied by the jury in arriving at a verdict. There was no suggestion that the plaintiff was contributorily negligent. Hence, Butigan was a case in which one of the drivers of the two vehicles or both must have been at fault or the accident could not have occurred and the plaintiff should have recovered in some amount. I have no difficulty agreeing with the majority that the jury must have been confused.

The instant case, as presented to the jury, was neither factually nor in point of law difficult of resolution and there is no reason for the jury to have been confused. The accident occurred on a clear morning, in a residential area, on a two-lane street with little traffic. The defendant's truck was proceeding westerly within the speed limit of thirty-five miles per hour. Plaintiff's five-year-old son ran suddenly across the south lane of traffic and into the path of the truck. The injured boy was first seen as he was running in the south lane of traffic toward defendant's lane to the north. The defendant driver testified:

"Q Where was the child when you first saw him?

"A He was to my left.

\* \* \* \* \* \*

"A \* \* \* But I would say he was through the parked area and into the southern lane.

\* \* \* \* \* \*

"Q Was he running when you first saw him?

"A He was.

\* \* \* \* \* \*

"Q Did you—tell me whether or not you applied your brakes immediately upon seeing the child.

"A The instant.

\* \* \* \* \* \*

"Q Did he continue running up until the time of the impact?

"A He did.

\* \* \* \* \* \*

"A He ran directly in front of my automobile."

As pointed out by the majority, the only other purported eye witness was severely discredited, having stated once that he saw and once that he did not see the actual accident.

The jury could have found that the defendant was negligent but also the jury could have found from the common experiences of mankind with children and animals that this child darted in front of the vehicle and the driver could not avoid hitting him. In so finding, it could return a defendant's verdict in the belief that the accident was one which could not have been foreseen or anticipated in the exercise of ordinary care by the defendant.

I can find no reasonable basis for reversal of this case on the ground that the instruction could possibly have confused the jury.