David Randolph CLEAVER, Appellant,

v.

UNITED STATES of America, Appellee.

Louis Jess CITO, Appellant,

v.

UNITED STATES of America, Appellee.

Billy Leonard SKOOG, Appellant,

v.

UNITED STATES of America, Appellee.

Ernest Henry COLOSACCO, Appellant,

v.

UNITED STATES of America, Appellee.

Lucille MOYA, alias Lucille Moya Sanders, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 5404–5408.

United States Court of Appeals Tenth Circuit.

Nov. 8, 1956.

768

Joseph N. Lilly, Denver, Colo., for appellant David Randolph Cleaver.

Francis P. O'Neill, Denver, Colo., for appellants Louis Jess Cito, Billy Skoog, Lucille Moya, alias Lucille Moya Sanders, and Ernest Henry Colosacco.

Donald E. Kelley, Denver, Colo., U. S. Atty., for the Dist. of Colorado (Robert Swanson, Asst. U. S. Atty., for the Dist. of Colorado, Denver, Colo., was with him on the brief), for appellee.

Before BRATTON, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

On the night of September 18–19, 1955, between the hours of 10:15 P.M. and 7:15 A.M. the Iliff Drug Store, a contract post office in Denver, Colorado, was forcibly entered and a safe containing postage stamps and postal equipment, cash, and 380 United States postal money orders was removed. On September 20, the safe was discovered in a creek under a bridge in the Denver vicinity. Nearby, investigators retrieved a pick, sledge hammer, big screwdriver and a white canvas glove. The safe had been forced and the contents taken.

Shortly after the burglary, the stolen money orders, filled out, signed, and stamped with the validating stamp taken from the Iliff store, began to appear in Tulsa, Oklahoma, El Paso, Texas and elsewhere. Arrests and convictions in those states followed.

Appellants-defendants, together with Kenneth Blaylock, were arrested, indicted and tried in Colorado, the two count indictment charging violation of the provisions of 18 U.S.C. § 371 and 18 U.S.C. § 2115 in that they conspired to and did burglarize the Iliff store. The substantive charge contained in count 2 was dismissed on motion as against the defendant Colosacco and he was convicted under Count 1 of conspiracy to break and enter the post office. Blaylock pleaded guilty to the charges and a jury found each of the other defendants guilty on both counts. They appeal, alleging the trial court denied them reasonable opportunity to direct motions to the indictment,

admitted incompetent evidence, and gave faulty instructions.

On October 21, 1955, defendants entered pleas of not guilty to the charges contained in the indictment and the trial court granted them ten days within which to file motions directed to the indictment. On October 31st the defendants requested an extension of this time which was denied by the court and they now cite such denial as error. Rule 12(b) (3) of the Federal Rules of Criminal Procedure, 18 U.S.C. provides that such motions should be made before the plea is entered, but the court may permit them to be made within a reasonable time thereafter. Although defendants concede in making their motion for extension of time that they gave no specific grounds in support thereof they now allege that the court abused its discretion in failing to grant such motion. The defendant Cleaver, who filed a separate brief on this appeal, asserts that had he been allowed to do so he would have entered a motion to strike Overt Act No. 7.[1]

■ Generally, as he avers, an overt act must be one in furtherance of the conspiracy and not one which occurs after the conspiracy has ended. But the termination of the conspiracy need not coincide with the completion of the crime nor even with the arrest of a conspirator. Ferris v. United States, 9 Cir., 40 F.2d 837. The time when a continuing conspiracy terminates depends upon the particular facts and purposes of such conspiracy. Completion of the object of the conspiracy completes the conspiracy. This varies with different offenses but a conspiracy to commit a crime of stealth for material gain usually has a minimum routine development from plan to commission to division of fruits, if any, among the conspirators. Such was the government's theory in the instant case and the overt act set forth in the indictment so alleged. It follows, therefore, that a motion to strike Overt

Act 7 would not have been effectual and no prejudice resulted to the defendants. Nor do we see any merit in the contention that the facts alleged in the indictment were so profound or difficult that counsel needed an unusual length of time within which to peruse them. The court granted ten days within which to make motions directed to the indictment after the plea was entered and nothing in the record reveals an abuse of discretion in denying further extensions.

During the course of the trial testimony was received of certain admissions of the defendant Moya made to the witness Marragos, a deputy sheriff of Arapahoe County, Colorado. Her statements were made subsequent to her arrest and not in the presence of the other defendants. Appellants cite the receipt of this testimony as error requiring reversal, noting that timely objection was made that her admissions were hearsay as to the other defendants.

■■ Where it appears that two or more persons have conspired to commit an offense, anything said or done by one of them during the conspiracy and in furtherance of the conspiracy is admissible in evidence against all. Bartlett v. United States, 10 Cir., 166 F.2d 920; United States v. Dennis, 2 Cir., 183 F.2d 201, affirmed 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137. However, after the conspiracy has come to an end, the admissions of one conspirator, by way of narrative of past facts, are not admissible in evidence against the others. Logan v. United States, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429. The conspiracy is ended, except in most unusual instances such as the Ferris case, supra, by the arrest of one of the confederates and hence his declarations to arresting officers are not admissible, since they do not partake of the singleness of purpose which marks the conspiracy, and are hearsay in the trial of the others. Holt v. United States, 10 Cir., 94 F.2d

1. "7. That on * * * 20th day of September, 1955, * * * (the defendants) did meet at 4159 Tejon Street, Denver, Colorado, and discuss the disposition of the articles obtained from the Iliff Drug Store * * *"

90; Graham v. United States, 8 Cir., 15 F.2d 740; Mayola v. United States, 9 Cir., 71 F.2d 65.

■ This testimony was offered by the government and objected to by appellants early in the trial. The trial court at that time correctly stated the test governing its admissibility, indicated that it could not then be determined by him whether the conspiracy had ended with or prior to the arrest of Moya and stated that since the testimony was clearly competent as against Moya, he would allow the witness to testify and that a proper instruction could be given if it appeared that Moya's statements were inadmissible against the others. This is the usual and proper procedure. Where evidence is admissible as to one of several defendants it generally must be received and then it becomes the duty of the others to submit instructions limiting its effect. Dauer v. United States, 10 Cir., 189 F.2d 343. In the instant case no such instruction was given nor was it requested and it has been held that it is incumbent upon the parties to request such instruction and a failure so to do precludes review of the question. Troutman v. United States, 10 Cir., 100 F.2d 628. However, where a serious prejudicial error in the conduct of a trial affects life or liberty a federal appellate court may notice and correct the error even though it was not called to the attention of the trial court. Bogileno v. United States, 10 Cir., 38 F.2d 584; Addis v. United States, 10 Cir., 62 F. 2d 329; Kelly v. United States, 10 Cir., 76 F.2d 847. For this reason, we examine the evidence given by the witness in relating the statements of defendant Moya.

After her arrest Moya stated (so testified the witness) that on the date of the burglary she was at home with Louis Cito, with whom she lived, and defendants Skoog, Cleaver, Colosacco and Blaylock came to the apartment. Cito told her to go out on the back porch because he didn't want her "to have anything to do with anything". Earlier that morning, she stated, she, Cleaver, Skoog, Cito

and Blaylock were together and questioned by the Denver Police. On September 21 she and Cito had gone out to Kenneth Blaylock's motel.

■ Although the defendant Colosacco admitted to passing the stolen money orders there is no evidence tending to connect him with the conspiracy prior to the burglary other than the statements of Moya. Such statements being incompetent as to him, and there being no other evidence showing that he conspired with the others prior to the commission of the crime, his admissions show only that he is an accessory after the fact. Under the rule of Bollenbach v. United States, 326 U.S. 607, 66 S.Ct. 402, 90 L.Ed. 350, an accessory after the fact cannot be convicted of a conspiracy to commit a crime where the proof demonstrates only that he helped dispose of stolen goods after the crime was committed. Although one who causes an act to be done, aids, abets, induces or procures its commission is properly prosecuted as a principal, 18 U.S.C.A. § 2, Congress has accorded different punishment for one who is an accessory after the fact, 18 U.S.C.A. § 3. Since the substantive charge of burglary was dismissed as to Colosacco his conviction under the remaining count must be reversed.

■ A similar prejudice does not exist from the admission of Moya's statements against the other defendants. The record is replete with competent evidence, some given by the defendants themselves, that Cito, Blaylock, Cleaver, Moya and Skoog associated together upon numerous occasions and were together on the night of the burglary. We are thoroughly satisfied that no prejudice resulted to these defendants and that the admission of Moya's statements was harmless to them.

■ Defendants next challenge the conviction upon the ground that the trial court did not adequately charge the jury relative to the law pertaining to the testimony of accomplices; specific complaint is made that the court did not in-

form the jury that two of the government's witnesses, Thomas Sullivan and James Webster, were accomplices. Sullivan admitted and testified to his participation in the crime from its inception to his arrest in Tulsa, Oklahoma, where he passed some of the stolen money orders. He, of course, was an accomplice. Webster, however, did not participate in the planning or the commission of the burglary, although he was present during a number of the conversations among the various conspirators. Mere knowledge, approval of or acquiescence in the object or the purpose of the conspiracy, without an intention and agreement to cooperate in the crime is insufficient to constitute one a conspirator. Thomas v. United States, 10 Cir., 57 F.2d 1039.

In its charge the trial court correctly defined an accomplice and the care and caution with which the jury should consider the testimony of an accomplice. The charge was given in accord with recent pronouncements of this court in Johns v. United States, 10 Cir., 227 F.2d 374; and the United States Supreme Court in Caminetti v. United States, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442. While the court might have properly directed his charge specifically to the testimony of Sullivan no prejudice could result from his omitting to do so. The only witnesses who, under the court's abstract definition, could have been accomplices were Sullivan and Webster. Sullivan was an admitted accomplice, convicted, and incarcerated for participation in the offense. If the jury also applied the court's cautionary instruction to the testimony of Webster it could not result in prejudice to the defendants.

Other assignments of error are made by appellants which we have considered and find to be without merit.

As to the appellants Moya, Cito, Skoog and Cleaver the judgment is affirmed as to each; as to the appellant Colosacco, the judgment is reversed with instructions to dismiss the indictment.