347 P.2d 692

**STATE of Arizona, Appellee,**

v.

**Loyal Lee HALEY, Appellant.**

**No. 1136.**

Supreme Court of Arizona.

Dec. 23, 1959.

Rehearing Denied Jan. 26, 1960.

Connor & Mahoney, Phoenix, for appellant.

Wade Church, Atty. Gen., Charles Christakis, Asst. Atty. Gen., and Charles C. Stidham, County Attorney of Maricopa County, Phoenix, for appellee.

PHELPS, Chief Justice.

Appeal in this case was taken from a judgment of conviction and a denial of a motion for a new trial. The appellant, Loyal Lee Haley, hereinafter referred to as defendant, is one of three youths convicted in the superior court of Maricopa county on three separate felony counts: robbery, aggravated assault, and lewd and lascivious acts.

Defendant, then fifteen years of age, was charged, together with two other youths, with having picked up a sixteen-year-old hitchhiker, Donald Cook, in Chandler, Arizona, on June 9, 1958; taking him out on the desert, and there robbing, beating and abusing him sexually.

All three accused were tried jointly, being represented by the same counsel, and the evidence being heard by the same judge and jury. Having been convicted on all

three counts, they received identical sentences: Count I (robbery), 15 to 20 years; Count II (aggravated assault), 4 to 5 years; Count III (lewd and lascivious acts), 4 to 5 years; all to run consecutively.

Counsel for the appellant in the formal hearing before this court chose to abandon his first assignment of error in connection with the irregular manner in which the jury was impaneled. Only the remaining three assignments, therefore, will be dealt with in this opinion.

The three remaining assignments of error made are as follows: (2) Failure of the court to give a cautionary instruction to the jury that the confessions or admissions of codefendants are not binding upon a nonconfessing defendant; (3) Failure of the court to grant defendant a new trial upon its own motion, for the reason that the conduct of the defense was so incompetently managed as to exclude the notion the defendant received a fair trial; and (4) Failure of the court to reduce on its own motion the cruel and inhuman sentence meted out to defendant.

In support of the second assignment of error appellant states the following proposition of law:

"The voluntary confession of a codefendant made after the commission of a crime cannot be admitted against the other defendant when such confession was not made in his presence and assented to by him, and it was reversible error on the part of the trial court not to so instruct."

No cautionary instruction of this nature was requested by the defense counsel in the trial court. The confessions of defendant-Haley's codefendants were clearly competent as against them, and for that reason they were admitted. If the defendant-Haley desired to limit their application to the other defendants it then became his duty to request the proper limiting instruction. It was not the duty of the trial court *sua sponte*, as argued by the defendant's counsel on appeal to instruct the jurors that they must exclude the confession of a codefendant when they consider the quantity of evidence available against each defendant.

In Cleaver v. United States, 10 Cir., 238 F.2d 766, 770, several defendants were tried jointly for the burglary of a contract post office in Denver, Colorado. An officer of the government was allowed to testify concerning a statement made to him by one of the defendants. In that case Judge Lewis of the United States Court of Appeals, Tenth Circuit, had this to say:

"* * * Where evidence is admissible as to one of several defendants it generally must be received and then it becomes the duty of the others to submit instructions limiting its effect. Dauer v. United States, 10 Cir., 189

F.2d 343. In the instant case no such instruction was given nor was it requested and it has been held that it is incumbent upon the parties to request such instruction and a failure so to do precludes review of the question. Troutman v. United States, 10 Cir., 100 F.2d 628." * * *

And in State v. Polan, 80 Ariz. 129, 293 P.2d 931, 933, a contention somewhat similar to the one presently being examined was made:

" * * * In the case at bar admittedly no such instruction was ever requested, either at the time the evidence was introduced or in the settling of jury instructions concerning the law of the case. *The general rule is that failure to request such a limiting instruction constitutes a waiver of any right to such an admonition.* Therefore, the court's failure, sua sponte, so to instruct, was not error in this case. (Citing authority.) * * *" (Emphasis added.)

We believe the Polan case, supra, clearly determines the question involved here. Failure to request an instruction limiting the application of particular evidence to a particular purpose or issue constitutes a waiver thereof.

 Defendant's third assignment of error raised the question of whether the incompetency of his former attorney or the mismanagement of his defense compels the granting of a new trial. In support of the affirmative position counsel for defendant on appeal have made numerous citations from the record. It is argued that presented with such an array of blunders the trial court on its own motion should have granted defendant a new trial.

For the purposes of this discussion it will be helpful to divide the numerous criticisms leveled against the defense at the trial level into two general classifications. The first we shall call *failures to object*, and the others we shall call *errors of judgment or tactical blunders*.

In the first class or the *failures to object* criticisms, attention is directed toward failure of the former counsel to object to certain offers of evidence at the time they were made; his failure to object to certain unresponsive answers of the prosecution's witnesses; and his failure to insist that the prosecutor meticulously lay each step in the foundation of certain other evidence. These criticisms can be likened to the Monday-morning-quarterback's scrutiny of Saturday night's game. It is much easier to call the play by hindsight than when the event is in motion. Indeed, McCormick on Evidence, § 52, pages 121–122 has the following to say concerning the tactics of objecting:

"One who comes to the trial of cases fresh from the course in Evidence in law school tends to assume that when-

ever the adversary offers proof that is inadmissible, the right thing to do is to object. Experience will soon convince a sensible learner that this attitude of automatic objecting is wrong. One must remember that the rules of exclusion are numerous and far-reaching so that any case offers an infinity of opportunities for plausible objecting. One learns also that the jury does not look upon a trial as a lawyer's game of which objecting is one of the moves. They want to know the facts and they look upon objections as attempts to hide the facts, and successful objections as the actual suppression of facts. If this description of the jury's attitude is sound, then certain consequences as to desirable tactics seem to follow.

"In the first place, no objections should be made unless you have reason to believe that the making of the objection will do your case more good than harm. If the objection has little chance of being sustained, at the trial or on appeal, it should usually be waived. It has been pointed out that objections to leading questions or to opinion-evidence frequently result in strengthening the examiner's case by requiring him to elicit his testimony in more concrete and convincing form. In general, your objections should be few and should be directed only to evidence which if admitted will be substantially harmful, and as to which you think you can get a favorable ruling at the trial or on appeal."

Thus, an attorney in the trial court is accorded a wide breadth of discretion in making or omitting to make objections as in his judgment the exigencies of the case require. And it is of fundamental importance that the client be bound by the exercise of his attorney's discretion in these matters, otherwise a disposition of such cause may never become final. In re Winineger's Petition, Okl.Cr., 337 P.2d 445.

With respect to the second class, or *errors of judgment or tactical blunders* criticism, defendant's counsel on appeal point out that the former attorney (1) made no motion for severance, (2) made an opening statement that practically admitted guilt, and (3) failed to request a cautionary instruction on confessions of codefendants. Conceding that the defense was not too well conducted, the evidence of the defendant's guilt was so overwhelming that it is impossible to see how he was prejudiced by the defense presented in his behalf. Accordingly we must adhere to a former decision of this court, Edwards v. Territory, 8 Ariz. 342, 76 P. 458, 460, 24 A.L.R. 1027, where the court in dealing with the contention of a defendant on appeal that his defense in the trial court had been incompetently conducted, said:

" * * * Nor is the fact, if it be a fact, that the former counsel for the defendant, who tried the case in the court below, neglected to introduce evidence at hand favorable to the defendant, or in other respects conducted the case for his client in an unskillful manner, ground for reversal of the judgment in this court. * * * "

■ Defendant's fourth and final assignment of error charges that the trial court erred in not reducing on its own motion, the sentence meted out to appellant. It is argued that in view of the fact that the defendant was only 15 years old when the crimes were committed and that as he had no prior criminal record, his sentence is "devoid of proportion to the crime and shocking to the sense of justice due a minor of tender years [and] is cruel and inhuman."

The record is replete with evidence of the atrociousness with which these crimes were committed. The evidence discloses that defendant together with his companions Bird Tate and Billy Ray Cox had been drinking during the evening in question and invited the victim Donald Evert Cook into their car on the pretext that they would give him a ride to Tucson. Cook was hitchhiking his way home. That soon after they left Chandler, Tate, who sat behind Cook on a prearranged signal, grabbed him around the neck with his arm, choking him severely and demanded his money. Upon being informed by Cook that he had no money they threatened to kill him. After reaching a point about five miles south of Chandler they drove off the main highway into the desert—made Cook get out of the car and take off all of his clothes and lay across the hood of the car, and they all, including defendant, beat him with a heavy leather strap. He was then knocked down by striking him in the face, and was kicked while lying upon the ground. When picked up by a motorist and taken into the Chandler police station, Cook's face showed evidence of great abuse; his eyes and mouth were badly swollen and he was hospitalized for three days. He was forced to take the penis of each of the boys in his mouth and was beaten for not doing it as they wished it to be done. They tortured him by pulling his penis until he screamed. His trousers were burned on a fire built by them and his naked body dragged through the embers. Finally, his face was ground in the desert sand, filling his eyes with sand, and they left him there, naked and unconscious. Defendant made a voluntary statement to Juvenile Officer Bill Brown in the presence of the other two companions that they thought he was dead when they left him. Haley denied some of the things above stated while upon the witness stand, and admitted some but said he didn't remember whether he kicked Cook while he was lying on the ground.

If there was anything cruel and inhuman it was the acts of the defendant and his companions. Their inhuman abuse of their victim evidence a wickedness and a depravity which exists only in the dregs of the human mind and heart. For these reasons and because the court in a criminal case has a wide latitude in determining the sentence to be imposed, this assignment of error is without merit.

For the foregoing reasons the judgment of conviction of Loyal Lee Haley must be affirmed.

STRUCKMEYER, BERNSTEIN and JOHNSON, JJ., concurring.

UDALL, Justice (specially concurring).

I have somewhat reluctantly concluded to join with the majority in affirming the judgment of conviction. However, I feel rather strongly that the sentences meted out to this 15-year-old defendant, aggregating 23 to 30 years, were too severe. The legislature has expressly granted to this Court the power to reduce sentence upon appeal (see A.R.S. § 13-1717). This we have been requested to do; I would, therefore, temper justice with mercy and grant to this youthful defendant a reduction of the sentence imposed on the first count (15 to 20 years) down to 10 to 15 years, and have the sentences on the other two counts run concurrently rather than consecutively. In this manner there might be some chance of rehabilitating the boy.