Russell D. LAPHAM, Appellant,

v.

CITY OF HAINES, Appellee.

Helen L. LAPHAM, Appellant,

v.

CITY OF HAINES, Appellee.

Nos. 186 and 187.

Supreme Court of Alaska.

Aug. 24, 1962.

Lester W. Miller, Jr., of Kay & Miller, Anchorage, for appellants.

R. J. Annis, of Robertson, Monagle, Eastaugh & Annis, Juneau, for appellees.

Before NESBETT, Chief Justice, and DIMOND and AREND, Justices.

AREND, Justice.

The appellants, Russell and Helen Lapham, were tried in the district magistrate court at Haines on separate criminal complaints charging them with violating a Haines city ordinance which required them to collect and make return of a city retail sales tax in connection with their business. The magistrate denied their demand for trial by jury and, on the evidence adduced, found them guilty as charged. Each appellant was then sentenced to pay a fine of $100 and serve 30 days in jail, with the jail sentence suspended. The judgments were appealed to the superior court and there affirmed. An appeal to this court followed.

The first question we need to determine is whether a defendant in a criminal proceeding against him in the magistrate court of the State of Alaska for violation of a municipal ordinance is entitled to a jury trial.

In Knudsen v. City of Anchorage [1] we held that, since the Act of Congress of April 28, 1904, 33 Stat. 530–532, which authorized common councils of Alaskan cities to establish municipal magistrate courts, did not establish trial by jury as a right in such courts of offenses within the jurisdiction of municipal magistrates "and no such requirement has been made by the Territorial or State Legislature, common councils were at liberty to follow their own discretion." [2]

The appellants argue that the city of Haines exercised its discretion in the matter

1. Opinion No. 21, 358 P.2d 375 (Alaska 1960).

2. Id., at 380–381.

240

and provided for trial by jury when it enacted City Ordinance No. 2[3] in 1915. We have examined this ordinance in its entirety and fail to find therein any support for the argument advanced.

■ The appellants rely specifically upon section 32 of the ordinance as entitling them to a trial by jury. That section states:

"If a trial by jury be demanded, and the defendant makes the deposit as in the foregoing section provided for,[4] the Magistrate must make an order in writing directed to the Town Marshall [sic] or some person appointed by the Court for the purpose, commanding him to summons [sic] twelve persons to serve as jurors in the action at the time and place named therein and the order must also require the said persons summoned, to appear before the Magistrate at the time and place therein named."

We regard this section and all others contained in the ordinance, which mention juries or trial by jury, as relating strictly to matters of practice and procedure. This is borne out by the title of the ordinance itself which reads: "An Ordinance Establishing a Municipal Court for the Town of Haines, Alaska, *Outlining Its Proceedures* [sic], and for Other Purposes." [Emphasis added.]

The magistrate who tried the case was correct in his observation that in a city magistrate's court one does not have the right to a jury trial unless the city ordinance "so expresses it." In the Knudsen case we held that the right to trial by jury is a substantive right,[5] and we hold in this case that the ordinance under consideration does not grant that right.

We are fully aware of the fact that the wording of sections 31 and 32 of the Haines ordinance is similar to that employed by Congress in sections 418 and 419 of the Act of March 3, 1899, 30 Stat. 1331. In the Knudsen opinion we said that the right to trial by jury in a criminal case in the justices' courts was originally conferred by the Act of 1899, and in footnote 9 to that opinion we set forth the pertinent provisions of sections 418 and 419. What we failed to do in Knudsen was to also mention section 110 of the Act of 1899, 30 Stat. 1296, which confers the substantive right to such trial by jury in language as follows: .

"That an issue of law must be tried by the court, and an issue of fact by jury, of the political division in which the action is triable."

There is no such substantive provision in the Haines ordinance.

■ The appellants also assign as error below the imposition against them of both a fine and a jail sentence. Haines City Ordinance No. 64, under which they were prosecuted for failure to collect and make return of the city sales tax, provides in its section 7 that violators of the ordinance shall be punished by a fine not in excess of $100.00 *or* by imprisonment for not more than thirty days.

The magistrate clearly exceeded his authority under the ordinance by imposing the sentences of both fine and imprisonment against the appellants. While this particular error was not brought to the attention of the magistrate, or of the superior court on appeal, we regard it as a plain error which we may notice under the provisions of Crim.R. 47(b).[6]

3. Ordinance No. 2 of the Haines General Code, passed and approved by the common council on July 26, 1915.

4. The reference in section 32 of Haines Ordinance No. 2 to the deposit required by the "foregoing section" when a jury trial is demanded by the defendant, is to the matter contained in the last sentence of section 31 of the ordinance which provides as follows: " * * * If the defendant demands a jury, he shall at the

same time deposit with the Magistrate a sum sufficient to pay a jury's fees for one day and the fees and expenses of the Officer summoning the same."

5. See Knudsen v. City of Anchorage, note 1 supra, at 381.

6. Crim.R. 47(b) states:
"Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

Since the record shows that the appellants posted appeal bonds and were not confined in jail, we assume that they have not paid the fines imposed. Accordingly, the judgments of conviction are affirmed and the cases remanded to the superior court for remand to the magistrate court with directions to resentence the appellants in conformity with the provisions of section 7 of Haines City Ordiance No. 64. If it should develop that the fines have been fully paid, then the judgments of conviction and the sentences to pay such fines are affirmed and the remands above mentioned shall be with directions to the magistrate court to expunge from the sentences imposed those portions providing for imprisonment in jail for thirty days.[7]

7. See Ex parte Lange, 18 Wall. 163, 85 U.S. 163, 176, 21 L.Ed. 872, 878–879 (1874) in which the Supreme Court held: "We are of the opinion that when the prisoner, as in this case, by reason of a valid judgment, had fully suffered one of the alternative punishments [paid the fine and served five days of a one year's imprisonment] to which alone the law subjected him, the power of the court to punish further was gone * * *."