386 P.2d 655

**STATE of Arizona, Appellee,**

**v.**

**Billy Ray WILSON, Duane Hendricks Mabberly and Lawrence Hendricks, Appellants.**

**No. 1289.**

Supreme Court of Arizona.

In Division.

Nov. 13, 1963.

Robert W. Pickrell, Atty. Gen., William E. Eubank, Chief Asst. Atty. Gen., Charles N. Ronan, County Atty., for appellee.

Murray Miller, Phoenix, for appellants.

BERNSTEIN, Chief Justice.

Appellants were joint defendants and prosecuted for first degree burglary. All three were convicted.

Defendants contend that fundamental error was committed in the trial. They argue that when a written confession has been admitted into evidence it is the responsibility of the trial court to charge the jury as to their duty in considering both the truth of the confession and its voluntariness. We have held that fundamental error occurs when the jury is not instructed on their duty to determine the truth and voluntariness of a confession. State v. Pulliam, 87 Ariz. 216, 349 P.2d 781 (1960). But while the instruction on confessions given in the instant case was inartfully drawn it was not erroneous. Instructions must be read as a whole and not piecemeal. State v. Evans, 88 Ariz. 364, 356 P.2d 1106 (1960).

Defendants also assign error in the failure of the trial court on its own motion to give instructions that statements al-

**60**

leged to have been made by each of the defendants to the police could be considered only against the declarant and not against his co-defendants who were not present when the statements were made. Police officers testified to conversations with each defendant. Some of these conversations were had out of the presence of the other defendants, but implicated them in the commission of the crime. Evidence competent against one of several defendants is admissible although it may be incompetent against the others. See Udall, Evidence § 11 at 22 (1960). It is up to the defense to request instructions limiting such evidence to the defendant who made the statement and failure to request an instruction constitutes a waiver of the right thereto. State v. Haley, 87 Ariz. 29, 347 P.2d 692 (1959). We quoted with approval from Cleaver v. United States, 238 F.2d 766, 770 (10th Cir. 1956) in Haley, supra:

"'* * * Where evidence is admissible as to one of several defendants it generally must be received and then it becomes the duty of the others to submit instructions limiting its effect. Dauer v. United States, 10 Cir., 189 F. 2d 343. In the instant case no such instruction was given nor was it requested and it has been held that it is incumbent upon the parties to request such instruction and a failure so to do precludes review of the question.'"

No instruction was offered limiting the effect of the evidence and at no time was the trial court urged to admonish the jury that the officers' testimony as to their conversations with the individual defendants was not competent evidence against those defendants who were not present when the conversations took place. Failure to request an instruction limiting the testimony to the individual defendant who made the statement constituted a waiver.

The judgment is affirmed.

UDALL, V. C. J., and LOCKWOOD, J., concurring.