**Roy Wilburn HAMMONDS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 828.**

Supreme Court of Alaska.

June 5, 1968.

**40**

David H. Call, Fairbanks, for appellant.

Edgar Paul Boyko, Atty. Gen., Juneau, Jay Hodges, Dist. Atty., and James R. Blair, Asst. Dist. Atty., Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

This is an appeal from a conviction of the crime of burglary not in a dwelling.

A security patrolman, Burton Finley, discovered appellant in an office of the Miller Bentley Company at approximately 2:40 a. m. on July 26, 1966. Finley asked appellant what he was doing in the building. Appellant's response, according to Finley's testimony at the trial, was that "[H]e was waiting for somebody, that he had just brought a car in and he was waiting for the owner to come down and * * * take * * * possession of it." When appellant started to leave Finley placed handcuffs on him.

From 3 to 5 minutes after Finley had arrived at the scene, officer Nearing of the Fairbanks Police Department arrived in response to Finley's call. Nearing testified that at that time he immediately advised appellant of his constitutional rights. Nearing testified:

I informed him [appellant] he did not have to make any statement, any statement he did make could be used against him in a Court of law; he had the right to remain silent and he also had a right to * * * a lawyer or legal counsel.

Officer Nearing then continued to testify as follows:

Mr. Hammonds was asked just what he was doing in the building, to which he replied that he had brought a car in and was waiting for somebody to show up. I asked him what car; he described a yellow Barracuda. And I asked how long he'd been there, or brought the car back, and he says, 'About a month ago'. A short time later he gave the second story that he was walkin' by the building and looked in the window and observed a man inside and this man uh—waved to him, motioned for him to come in, which he stated he knocked on the door, entered into the building and the man told him to wait there, he was going to go out and get some beer. He described this person as being a redheaded individual, no other description.

■ In Miranda v. State of Arizona[1] the United States Supreme Court held that when a person is taken into custody in connection with a criminal matter or is otherwise deprived of his freedom of action in any significant way by the authorities and is subject to police interrogation,[2] the person must be warned prior to any questioning that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has the right to the presence of an attorney, either retained or appointed.[3] As to the right to consult with counsel, the Supreme Court said:

Accordingly we hold that an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation under the system for protecting the privilege we delineate today.

* * * * * *

In order fully to apprise a person interrogated of the extent of his rights under this system then, it is necessary to warn him not only that he has the right to consult with an attorney, but also that if he is indigent a lawyer will be appointed to represent him.[4]

1. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, reh. denied, California v. Stewart, 385 U.S. 890, 87 S.Ct. 11, 17 L.Ed.2d 121 (1966).

2. Id. at 477, 86 S.Ct. at 1629, 16 L.Ed.2d at 725, 10 A.L.R.3d at 1013.

3. Id. at 444, 86 S.Ct. at 1612, 16 L.Ed. 2d at 706–707, 10 A.L.R.3d at 993.

4. Id. at 471–473, 86 S.Ct. at 1626, 16 L.Ed.2d at 722–23, 10 A.L.R.3d at 1009–1010.

Relying on *Miranda*, appellant contends as his only point on this appeal that his constitutionally guaranteed privilege against self-incrimination was violated by admitting the testimony of officer Nearing as to exculpatory statements made by appellant before he had been properly advised of his right to an attorney, retained or appointed.[5] Appellee concedes that the *Miranda* warning given by Nearing was not adequate, stating in its brief that:

> Appellee admits that it was a mistake on the part of the arresting officer in this case to fail to give a complete *Miranda* warning. Had Appellant objected to the introduction of the exculpatory statements, it would have been the duty of the trial judge to exclude these statements from the trial.

Appellee contends, however, that appellant waived his right to keep Nearing's testimony from the jury by failing to object at the time the testimony was given. It is true that Nearing testified as to what appellant had said to him without objection by appellant's counsel. No point as to this was made by appellant in the trial court; the point has first been raised here on this appeal.

■ A person may waive his privilege against self-incrimination and his right to counsel by choosing not to remain silent and not to have an attorney present at the time of police interrogation. But where such a waiver is asserted, it must be demonstrated by the state that the waiver was knowingly and intelligently made. In *Miranda* the court said:

> If the interrogation continues without the presence of an attorney and a state-

ment is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel.[6]

And then in speaking of the meaning of the privilege against self-incrimination, the court said:

> The warnings required and the waiver necessary in accordance with our opinion today are, in the absence of a fully effective equivalent, prerequisites to the admissibility of any statement made by a defendant.
>
> \*    \*    \*    \*    \*    \*
>
> But unless and until such warnings and waiver are demonstrated by the prosecution at trial, no evidence obtained as a result of interrogation can be used against him.[7]

■ Appellee's concession here that the statements obtained from appellant by police interrogation were obtained without adherence to the principles of *Miranda* means that under the express language of the United States Supreme Court, in the absence of a waiver by appellant, such statements were inadmissible at the trial—they were not 'to be used against appellant, as they were.[8] The question presented here is whether appellant's right to have such statements excluded from consideration of the jury could be waived and if so, whether it was waived.

■■ It is clear from the decision in *Miranda* that a person's fifth amendment privilege against self-incrimination may be waived by him at the time of police interrogation.[9] If the privilege may be waived

---

5. Appellant makes no point as to the testimony of security patrolman Finley who did not even attempt to give the warning required by *Miranda*.

6. Miranda v. State of Arizona, 384 U.S. 436, 475, 86 S.Ct. 1602, 1628, 16 L.Ed. 2d 694, 724, 10 A.L.R.3d 974, 1011 (1966).

7. Id. at 476, 479, 86 S.Ct. at 1629, 16 L.Ed.2d at 725, 726, 10 A.L.R.3d at 1012, 1014.

8. In his argument to the jury the prosecutor pointed out the inconsistency of the conflicting stories given by appellant to officer Nearing.

9. Miranda v. State of Arizona, 384 U.S. 436, 475, 86 S.Ct. 1602, 1628, 16 L.Ed.2d 694, 724, 10 A.L.R.3d 974, 1011–1012 (1966).

at that time, but is not, there is no reason why it may not be waived later—such as at the time of trial where introduction in evidence of the person's statements taken in violation of the *Miranda* rule would make complete a violation of the person's fifth amendment privilege against self-incrimination.[10] A constitutional right may be waived,[11] and the time of waiver will depend upon the particular facts and circumstances surrounding each case.

■ A waiver is an intentional relinquishment of a known right or privilege.[12] As the Supreme Court stated in *Miranda*, a waiver of one's constitutional privilege against self-incrimination must be "knowingly and intelligently" made.[13] We believe that the requirements of a waiver were met here. This case was tried in November 1966 and the *Miranda* decision had been handed down five months earlier in June of that year. It was to be expected that appellant's counsel, who is able and experienced, took note of this decision and evaluated its relevance to the statements made by the defendant while in police custody.[14] The record bears this out, as can be seen by the following portion of the cross-examination of officer Nearing by appellant's counsel:

Q Now you stated, when Mr. Birch asked you about your advising the defendant of his rights, did you advise him he did not have to make a statement?

A I did, yes.

Q That any statement he made could be used against him?

A I did.

Q That he had a right to see an attorney?

A I did.

Q That's the extent of it, isn't it?

A No, he had the right to remain silent.

Q I see. But that's the extent of it?

A That was the extent of it, yes.

Q So you did not advise him that uh—if he could not afford an attorney that the Court would appoint one for him?

A Nnot [sic] to my knowledge, no.

Q Well you didn't, did you?

A I—I can't recall, no, I don't think I did. No, I did not.

■■ The last question asked by counsel indicates his awareness of *Miranda*, for in this decision the Supreme Court held for the first time that a person subject to police interrogation must be advised of his right to have counsel present, either retained or appointed. In these circumstances we believe that it is reasonably apparent that appellant's counsel knew of the requirements of *Miranda*, but chose to allow appellant's statements to be admitted when counsel knew that he could have prevented their admission by objecting. This suggests that counsel deliberately by-passed the opportunity to keep the exculpatory statement out of evidence as a part of trial strategy, whatever it may have been. There is here a clear intimation of a deliberate design to knowingly forego a constitutional claim. Such a deliberate act on the part of counsel amounts to a waiver of appellant's constitutional right which is binding on appellant.[15] We do not know of the existence of any "exceptional circumstances"

10. Brulay v. United States, 383 F.2d 345, 349 n. 5 (9th Cir.), cert. denied, 389 U.S. 986, 88 S.Ct. 469, 19 L.Ed.2d 478 (1967).

11. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466, 146 A.L.R. 357 (1938); Hodges v. Easton, 106 U.S. 408, 1 S.Ct. 307, 310, 412, 27 L.Ed. 169, 171 (1882).

12. Johnson v. Zerbst, supra note 11.

13. Miranda v. State of Arizona, supra note 9.

14. United States v. Indiviglio, 352 F.2d 276, 279 (2d Cir. 1965), cert. denied, 383 U.S. 907, 86 S.Ct. 886, 15 L.Ed.2d 663 (1966).

15. United States v. Armetta, 378 F.2d 658, 661 (2d Cir. 1967); Camp v. United States, 352 F.2d 800, 801 (5th Cir. 1965); Floyd v. United States, 260 F.2d 910, 912

which, if present, could mean that appellant would not be precluded by his counsel's action from asserting his constitutional claim.[16]

Appellant argues that the failure of his counsel to object was of no consequence, because the admission of appellant's statements was plain error affecting appellant's substantial rights which, under Crim.R. 47 (b),[17] must be noted by this court even though not brought to the attention of the trial court.

■■ The meaning of Crim.R. 47(b) is that we may consider questions raised for the first time on appeal if necessary to effect substantial justice or prevent the denial of fundamental rights. We have applied this principle both in criminal[18] and in civil[19] cases. But here the question is not merely one of a technical failure to object in the trial court to certain testimony, the admission of which has infringed a fundamental right of appellant so that we could, despite the failure to object, take cognizance of such infringement. The failure to object, considered in the light of the presumed knowledge of appellant's counsel of the *Miranda* rule, was something more than a technical misstep which occurred in the course of a trial. As we have held, it amounted to an intelligent waiver of a known right, and therefore does not constitute plain error affecting a substantial right of appellant. The right of appellant— his fifth amendment privilege against self-incrimination—is certainly a substantial one. But the right was waived, and therefore appellant cannot now complain that it was infringed upon or denied.

The judgment is affirmed.

---

(5th Cir. 1958), cert. denied, 359 U.S. 947, 79 S.Ct. 728, 3 L.Ed.2d 680 (1959); Kennedy v. United States, 259 F.2d 883, 886 (5th Cir. 1958); cert. denied, 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed.2d 982 (1959); Graham v. Squier, 45 F.Supp. 253, 254 (W.D.Wash.), aff'd., 132 F.2d 681 (9th Cir. 1942), cert. denied, 318 U.S. 777, 83 S.Ct. 830, 87 L.Ed. 1145 (1943); State v. Haley, 87 Ariz. 29, 347 P.2d 692, 694 (1959); People v. Hill, 60 Cal. Rptr. 234, 429 P.2d 586, 592 (1967); Cobb v. State, 218 Ga. 10, 126 S.E.2d 231, 240 (1962), cert. denied, Cobb v. Georgia, 371 U.S. 948, 83 S.Ct. 499, 9 L.Ed. 2d 497 (1963); People v. Williams, 36 Ill.2d 194, 222 N.E.2d 321, 324–326 (1966), cert. denied, Copeland v. Commonwealth, 415 S.W.2d 842, 843 (Ky. 1967); Prescoe v. State, 231 Md. 486, 191 A.2d 226, 231–232 (1963); Commonwealth ex rel. Bell v. Rundle, 420 Pa. 127, 216 A.2d 57, 59, cert. denied, Bell v. Rundle, 384 U.S. 966, 86 S.Ct. 1599, 16 L.Ed.2d 678 (1966).

16. See Henry v. State of Mississippi, 379 U.S. 443, 451–452, 85 S.Ct. 564, 569, 13 L.Ed.2d 408, 415 (1965), where the court said:

Although trial strategy adopted by counsel without prior consultation with an accused will not, where the circumstances are exceptional, preclude the accused from asserting constitutional claims * * * we think that the deliberate bypassing by counsel of the contemporaneous-objection rule as a part of trial strategy would have that effect in this case.

17. Crim.R. 47(b) provides:

Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

18. Goreson v. State, 432 P.2d 326, 327 (Alaska 1967); Noffke v. State, 422 P.2d 102, 107 (Alaska 1967); Lapham v. City of Haines, 374 P.2d 239, 240 (Alaska 1962).

19. Merrill v. Faltin, 430 P.2d 913, 917 (Alaska 1967); Meyst v. East Fifth Ave. Serv. Inc., 401 P.2d 430, 434 (Alaska 1965).