**Horace CADZOW and Oliver Williams, Appellants,**

v.

**STATE of Alaska, Appellee.**

**No. 1079.**

Supreme Court of Alaska.

July 10, 1970.

Irwin Ravin, Alaska Legal Service Ketchikan, for appellants.

Lyle R. Carlson, Dist. Atty., Mary A. Nordale, Asst. Dist. Atty., Fairbanks, for appellee.

Before BONEY, C. J., DIMOND, RABINOWITZ, and CONNOR, JJ., and FITZGERALD, Superior Court Judge.

OPINION

PER CURIAM.

Appellants Horace Cadzow and Oliver Williams were indicted on two counts for burglary of a dwelling house and larceny in a building. After trial by jury, they were both convicted of burglary and of petty larceny. Appellants were sentenced to two years imprisonment on the burglary charges and given further concurrent one year sentences on the larceny charges.

In this appeal appellants' sole specification of errors the trial court's admission into evidence of a photograph of a naked woman. Appellants argue that this photograph was unlawfully seized in a warrantless search incident to an arrest which was unlawful, because the arresting officer lacked probable cause to arrest appellants for either the burglary or larceny charges, and because the arrests were sham in character and served only as a pretext for the search in question.

We find it unnecessary to determine the lawfulness of the arrests, for the record shows that appellants' counsel did not object to the admission of the photograph when the state sought its introduction.[1] Study of the record reveals that appellants' counsel was fully cognizant of both the federal and Alaskan constitutional protections against unlawful searches and sei-

---

2. City of Fairbanks v. Schrock, 457 P. 2d 242 (Alaska 1969).

1. Counsel for appellants before this court did not represent appellants at trial.

zures, but nevertheless chose not to object to the admission into evidence of the photograph, directed cross-examination to this evidence, and subsequently failed to move to strike this evidence. In these circumstances, we hold that appellants waived any constitutional objections they might have urged to the photograph's reception into evidence. Hammonds v. State, 442 P.2d 39 (Alaska 1968) ; Gafford v. State, 440 P.2d 405, 410 (Alaska 1968), cert. denied, 393 U.S. 1120, 89 S.Ct. 996, 22 L.Ed.2d 125; Rank v. State, 373 P.2d 734 (Alaska 1962). We therefore affirm appellants' convictions of burglary and petty larceny. The amended judgment and commitment entered below is affirmed.