Peter Olaf JOHNSON, Jr., Appellant,

v.

STATE of Alaska, Appellee.

No. 1174.

Supreme Court of Alaska.

June 29, 1971.

Victor D. Carlson, Public Defender, Anchorage, R. Collin Middleton, Asst. Public Defender, Ketchikan, for appellant.

G. Kent Edwards, Atty. Gen., Juneau, Harold W. Tobey, Dist. Atty., Robert L. Eastaugh, Asst. Dist. Atty., Anchorage, for appellee.

Before BONEY, C. J., DIMOND, RABINOWITZ, CONNOR and ERWIN, JJ.

DIMOND, Justice.

The superior court, sitting without a jury, found appellant guilty of burglary in a dwelling. He appeals, claiming that a new trial should be ordered.

*Search and Seizure*

On March 8, 1969, appellant was arrested for being intoxicated in public. He was taken to the Anchorage city jail where he was searched. His personal property was taken from him, listed on what was referred to as a booking sheet, and placed in a bag. The bag was then placed in a property locker.

Later the same day the victim of a burglary, David Dollar, was called to the jail to determine if appellant was the perpetrator of that crime. Dollar informed the police that among other things, he was missing a harmonica and a deck of playing cards. A list of the items taken from appellant by the police at the time he was searched at the station included a deck of cards and a harmonica. The locker containing appellant's personal property was reopened by an officer of the police department. Dollar identified a harmonica and a deck of playing cards among the articles in the locker as having been taken from his home. These articles were then taken by the police from the property locker and placed in an evidence locker.

At the trial the harmonica and the playing cards were introduced into evidence by the state. Appellant contends that it was error to admit this evidence because it was the product of an illegal search and seizure. What made the search and seizure illegal, appellant claims, is that the bag containing appellant's effects in the property locker was later looked into and the articles removed from the bag by the police without the benefit of a search warrant issued upon probable cause in accordance with constitutional requirements.[1]

At no time during the trial did trial counsel claim that there was an illegal search and seizure. He did not object to the introduction into evidence of the harmonica and playing cards. This is understandable, considering the tactics employed by counsel in defending appellant. The record reveals that counsel's strategy was not to deny that appellant committed the burglary, but to deny the ability of appellant to form the requisite criminal intent by reason of the fact of his intoxication. If this was trial counsel's strategy, and it appears that it was, there would be no point in objecting to the intro-

1. The fourth amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Article I, section 14 of the Alaska constitution provides:
> The right of the people to be secure in their persons, houses and other property, papers, and effects, against unreasonable searches and seizures, shall not be violated. No warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

duction into evidence, on the ground of illegal search and seizure, of objects taken from Dollar's home such as the harmonica and the deck of playing cards.

■ Assuming there was an illegal search and seizure as to those items, we hold that there was a waiver of the point— a deliberate design to knowingly forego a constitutional claim.[2] We find no exceptional circumstances that would preclude appellant from being bound by this waiver made by his trial counsel.[3]

■ Appellant contends that he was denied the effective assistance of counsel because his attorney failed to raise the crucial defense of an illegal search and seizure. We disagree. The question of whether the second examination without a search warrant of appellant's effects which had been removed from him at the police station violated fourth amendment rights is highly debatable, and we find nothing in the entire record to show that appellant did not receive the effective assistance of counsel for his defense.

*Identification of Appellant*

Appellant contends that circumstances relating to his identification as the person who committed the burglary were so prejudicial as to require a new trial.

David Dollar, the burglary victim, arrived home from work at about 6:00 p. m. on March 8, 1969. As he was parking his car he observed a man across the street with a large suitcase on his back. Dollar's wife told him that somebody had taken the suitcase from their home. Dollar then chased the man with the suitcase and stopped him, which was about two minutes after he had first seen him.

When Dollar caught up with the man with the suitcase, he told him to put the suitcase down, which he did. This man then raised his fists as if he wanted to fight. Dollar told him that he was going across the street to call the police. The man then ran away, leaving the suitcase which he had been carrying. Dollar brought the suitcase back to his home, opened it and found in it various articles that belonged to him and his wife.

Dollar reported the matter to the police. He described the man with the suitcase as wearing a black jacket and dark trousers, and having a scar between his eyes. Approximately one and one-half hours later appellant was arrested for being intoxicated in public. When he was placed in the city jail a police officer thought that he fit the description of the burglar that Dollar had described. The police called Dollar and asked him to come to the jail to see if he could identify the burglary suspect. This was about two and one-half hours after the burglary had taken place.

Dollar was asked to look at appellant. He was unable to see appellant's face because he was sleeping with his arm over his head. The police removed appellant's personal effects from the property locker and Dollar identified the harmonica and a box of playing cards as having been taken from his home. The police then showed Dollar a single photograph of appellant, and Dollar identified appellant as the man who had been carrying the suitcase containing Dollar's property.

Appellant argues that the pretrial identification at the city jail by photograph was a critical stage of the prosecution, and that he should have been afforded the right to counsel at that time. He relies upon the United States Supreme Court's decision in United States v. Wade.[4] He also argues that the identification at the jail by showing Dollar a single photograph was so impermissibly suggestive and conducive to mistake in the identification as to deny

2. Hammonds v. State, 442 P.2d 39, 42–43 (Alaska 1968); Cadzow v. State, 471 P.2d 404, 405 (Alaska 1970).

3. Henry v. Mississippi, 379 U.S. 443, 451– 452, 85 S.Ct. 564, 13 L.Ed.2d 408, 415 (1965); Lanier v. State, 486 P.2d 981 (Alaska, 1971).

4. 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

him due process of law, which is a basis for attack upon a conviction independent of any right to counsel claim as in the *Wade* case.[5]

▆▆ Appellant also contends, as he did as to the search and seizure issue, that by reason of counsel's failure to object to the identification procedure, he was denied the effective assistance of counsel. What we have said on these points as to the search and seizure issue is dispositive. There was a waiver of any possible error in relation to the identification of appellant as the one who committed the burglary, and we are not persuaded that such a waiver amounted to appellant being deprived of the effective assistance of counsel.

The judgment is affirmed.

5. Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199, 1206 (1967); Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).