493 P.2d 1228

**William J. RYAN, Jr., Appellant,**

**v.**

**Ray T. BLAKE et al., Appellees.**

**No. 1 CA–CIV 1675.**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 23, 1972.

Rehearing Denied March 9, 1972.

Review Denied April 25, 1972.

Silver, Ettinger & Karp, by Jack A. Ettinger, Tucson, for appellant.

Black, Robertshaw & Frederick, by Richard A. Black, Phoenix, for appellees.

HAIRE, Presiding Judge.

On this appeal from judgment entered on a jury verdict for the defendants in a personal injury lawsuit, the plaintiff contends that the trial court erred in failing to require that the exhibits in evidence be taken into the jury room for consideration by the jury.

The parties have stipulated that at the time the trial judge concluded the giving of instructions to the jury, he further advised the jury that there were exhibits, and that when the jury retired to the jury room they could request of the bailiff that any or all of the exhibits be brought into the jury room for their deliberation, if they so desired. The court further asked counsel for both parties if there were any additions or corrections to be made to the instructions as they were given by the court. Counsel for plaintiff and defendants advised the court that there were no additions or corrections to be made. The jury never requested any of the exhibits, and the bailiff did not bring the exhibits to the jury room at any time during the jury's deliberation.

Counsel have not pointed out, nor has the Court found, any Arizona statute or rule of procedure which relates to the question raised on this appeal. Generally, in the absence of an express statute or rule, the trial court has a certain amount of discretion in determining whether the jury shall be allowed to take exhibits with them into the jury room. If we were concerned with a situation where the trial judge had exercised that discretion and ruled that certain exhibits should not be allowed to be taken into the jury room, we would then have to examine the record to determine whether the trial judge's actions constituted an abuse of his discretion. Town & Country Securities Co. v. Place, 79 Ariz. 122, 285 P.2d 165 (1955); 5A C.J.S. Appeal & Error § 1617 (1958). However, here the trial judge did not even purport to exercise his discretion in keeping certain exhibits from the jury. Counsel and the jury were both fully advised that there were exhibits in evidence, and that these were available to the jury upon request. If counsel objected to this procedure, he should have advised the trial court of his objections prior to the time the jury retired. His failure to do so constitutes a waiver of his right to claim error on the part of the trial judge.

In his reply brief, plaintiff belatedly raises the contention that the trial court's advice to the jury that there were exhibits and that when the jury retired to the jury room they could request of the bailiff that any or all of the exhibits be brought to the jury room for their deliberation if they so desired, constituted a comment on the evidence. Not only do we find this contention untimely raised, but we also find it completely without merit.

The judgment is affirmed.

EUBANK and JACOBSON, JJ., concur.