545 P.2d 927

**Wanda MANNER, Appellant,**

v.

**Kathleen RASKIN, Appellee.**

No. 11997.

Supreme Court of Arizona, In Division.

Feb. 6, 1976.

**4**

Meyer & Vucichevich by P. Richard Meyer, Michael M. Johnson and Steven J. Wells, Phoenix, for appellant.

Shimmel, Hill, Bishop & Gruender by Charles W. Herf, Phoenix, for appellee.

HOLOHAN, Justice.

Appellant Wanda Manner suffered personal injuries and property damage when the automobile she was operating was struck from the rear by a vehicle driven by appellee Kathleen Raskin. A jury verdict awarded Manner $1700. Appellant's motion for a new trial was denied and she thereafter instituted this appeal. This Court assumed jurisdiction pursuant to 17A A.R.S.Sup.Ct.Rules, rule 47(e)(5).

On appeal, appellant contends: (1) that defense counsel's closing argument to the jury was improper and prejudicial; (2) that it was error for the trial court to submit written instructions to the jury for use in their deliberations without an opportunity for counsel to inspect and object to the written instructions.

█ The remarks which appellant cites as error concerned defense counsel's argument to the jury that if the appellant had been wearing the shoulder harness equipment in the vehicle she would not have received as severe an injury as that sustained; further that this omission constituted contributory negligence.

Appellant's counsel did not object to the argument nor was a motion for mistrial ever made by counsel. The issue was raised for the first time in appellant's motion for a new trial. The failure to make timely objection is a waiver of error unless the matter is so serious that no admonition could undo the damage. *Beliak v. Plants*, 93 Ariz. 266, 379 P.2d 976 (1963); *Kelch v. Courson*, 103 Ariz. 576, 447 P.2d 550 (1968). Any error could have been corrected before the verdict; therefore the failure to object is deemed a waiver of the issue on appeal.

█ Appellant asserts that the trial court committed reversible error when he submitted written instructions to the jury without giving counsel notice of that fact

and an opportunity to inspect and object to the written instructions. The issue arises out of the fact that the trial court sent the written jury instructions into the jury room for the use of the jury. This practice was approved and commended in *Valley National Bank v. Witter,* 58 Ariz. 491, 121 P.2d 414 (1942). It is made mandatory in criminal cases. 17 A.R.S. Rules of Criminal Procedure, rule 22.2.

Appellant does not contest the authority of the trial court to submit, in written form, the instructions given to the jury, but she does object to the procedure followed in this case. It is contended that counsel were not advised of the intention of the trial court to submit written instructions to the jury nor were they provided with a copy of the instructions as submitted to the jury.

The record, contrary to the appellant's contention, shows that counsel were clearly advised that the instructions were to be sent into the jury room. At the end of the trial court's instructions he stated:

> "You will be able to take into the jury room with you the two forms of verdicts as well as all exhibits that have been received into evidence, and also I am going to send in too, should you wish to refer to them, the instructions of law which I read you.
>
> "Either counsel have anything further?
>
> "MR. MEYER: No.
>
> "MR. MARKS: No."

There was no objection made to the procedure of sending the instructions to the jury room, nor was there any inquiry about the procedure to be followed. Counsel for appellant contends that the first time he became aware of what happened was after the verdict. After becoming aware of the facts, counsel states in the affidavit for a new trial:

> "The Trial Court inquired as to whether Counsel would waive any objection and your Affiant responded, 'yes—It's done.' or words to that effect."

Since counsel did not object to the procedure which the trial court outlined in his oral instructions to the jury, his failure to do so constitutes a waiver of error. *Ryan v. Blake,* 16 Ariz.App. 423, 493 P.2d 1228 (1972). When confronted with specific knowledge of the fact that the written instructions had indeed been given to the jury, counsel made no objection, nor did counsel ask for any relief of any kind. Counsel complains that he did not see the written instructions actually given to the jury, but he makes the complaint in an appellate court after the fact. If the request had been made to the trial court at any stage of the proceedings, there is no reason to believe that the request would not have been granted. Certainly, the proper procedure which should have been followed by the trial court was for the written form of the instructions to be shown to counsel prior to sending them to the jury room. At the conclusion of the trial the instructions sent to the jury room should be made a part of the record. Written instructions which conform to those given by the trial court are part of the file in this case, but it is not clear whether these were actually the ones sent to the jury room. Since any claimed error has been waived we find no reason to find fundamental error in the procedure.

Affirmed.

STRUCKMEYER, V. C. J., and HAYS, J., concur.