NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

In the Matter of the Estate of:

ARTURO LOPEZ, Deceased.

---

TERESA DOMINGUEZ, *Petitioner/Appellee*,

*v.*

MESHELLE ROWLAND, *Respondent/Appellant,*
and
DIRK VANDERMEER, *Respondent/Appellee*.

No. 1 CA-CV 25-0041 PB

FILED 02-27-2026

---

Appeal from the Superior Court in Maricopa County
PB2023-002132
The Honorable Lisa Ann VandenBerg, Judge (*Retired*)

**AFFIRMED**

---

COUNSEL

Platt & Westby P.C., Phoenix
By R. Andrew Rahtz and Cierra N. Chaon
*Counsel for Petitioner/Appellee*

MeShelle Rowland, Phoenix
*Respondent/Appellant*

Dirk Vandermeer, Phoenix
*Respondent/Appellee*

_____

**MEMORANDUM DECISION**

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Vice Chief Judge David D. Weinzweig joined.

_____

**F A B I A N**, Judge:

**¶1**          MeShelle Rowland ("Sister-in-law") appeals from the superior court's judgment setting aside the will of Arturo Lopez ("Decedent"). Sister-in-law makes several arguments, including: (1) the superior court erred in ordering separate pretrial statements, (2) the court erred in sanctioning her, (3) appellee Teresa Dominguez ("Sister") committed fraud on the court, (4) the court demonstrated judicial bias, (5) the record does not support the court's findings, and (6) the court erred in awarding attorney fees. For the following reasons, this Court affirms.

## FACTS AND PROCEDURAL HISTORY

**¶2**          Sister is a surviving sibling of Decedent, and Sister-in-law is married to another surviving sibling of Decedent, Dirk Vandermeer ("Brother"). Decedent's will, signed one week before his death, directed various amounts of cash be distributed to his mother and siblings and left his remaining personal property and residuary estate to Sister-in-law. The will also nominated Sister-in-law as the personal representative of the estate. At the same time, Decedent executed a grant deed, making himself and Sister-in-law joint tenants with rights of survivorship to certain real property for the consideration of one dollar.

**¶3**          Sister petitioned for formal probate after Decedent's death, alleging the will and grant deed were the products of undue influence by Sister-in-law. On that basis, Sister requested that the will and deed be invalidated and Sister-in-law not be appointed as personal representative. Sister also alleged that Brother conspired with Sister-in-law to exert undue influence on Decedent and should also be disqualified from serving as personal representative of the estate.

**¶4**          The superior court set a three-day bench trial. At the pretrial conference, the court instructed the parties to file separate, not joint, pretrial statements. The court did not require Sister-in-law to submit a pretrial

statement but explained that Sister-in-law must still disclose witnesses and exhibits five days before trial or risk exclusion.

¶5        Sister-in-law filed her pretrial statement, which included previously undisclosed witnesses and evidence, the day before trial. As a result, the court sanctioned Sister-in-law by precluding her from using exhibits or any witnesses besides herself and Brother.

¶6        After trial, the superior court entered judgment, finding that Sister-in-law was not credible and was not suitable to act as personal representative. The court also found the grant deed was falsely recorded and the will was the product of Sister-in-law's undue influence. It set aside the deed and will and awarded Sister $75,343 in attorney fees against Sister-in-law and Brother pursuant to A.R.S. §§ 12-1101(A), 33-420, and 44-1105. With no will in place, the court ordered Decedent's estate be distributed through intestate succession.

¶7        Sister-in-law timely appealed. This Court has jurisdiction pursuant to Article VI, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and 2101(A)(1).[1]

## DISCUSSION

### I.        The Superior Court Did Not Err by Requiring Separate Joint Pretrial Statements.

¶8        Sister-in-law argues the superior court erred by not mandating a joint pretrial statement as required by Arizona Rule of Civil Procedure 16(f). This Court reviews the application and interpretation of

---

[1] Sister-in-law filed an amended notice of appeal challenging several of the court's rulings aside from the judgment. That notice was not filed within 30 days after the judgment; rather, it was filed within 30 days of the superior court's order denying Sister-in-law's motion under Rule 59 of the Arizona Rules of Civil Procedure. A timely filed motion to alter or amend the judgment or for a new trial under Rule 59 will suspend the running of time to file a notice of appeal until after the superior court has entered a signed written order disposing of the motion. Ariz. R. Civ. App. P. 9(e)(1)(C), (D). However, Sister-in-law's Rule 59 motion was untimely because it was not filed within 15 days after the court's entry of judgment and thus did not extend the time for Sister-in-law to file an amended notice of appeal. *See id.*; Ariz. R. Civ. P. 59(b)(1), (d). Because the amended notice of appeal is untimely, it will not be considered by this Court.

the Arizona Rules of Civil Procedure *de novo. See Duckstein v. Wolf*, 230 Ariz. 227, 231 ¶ 8 (App. 2012).

¶9 Although Rule 16(f) requires that parties submit a joint pretrial statement, "Rule 16(f)'s provisions may be modified by court order." Ariz. R. Civ. P 16(f)(8). Thus, the superior court did not err and was in fact authorized to allow the parties to file individual, rather than joint, pretrial statements.

## II. The Superior Court Did Not Err in Sanctioning Sister-in-Law.

¶10 Sister-in-law next argues the superior court erred and violated Sister-in-law's due process rights by precluding her untimely disclosed witnesses and evidence as a sanction under Rule 16. This Court reviews Rule 16 sanctions, including preclusion of witnesses and evidence, for an abuse of discretion. *Smith v. Olsen*, 257 Ariz. 518, 526 ¶ 23 (App. 2024).

¶11 Sister-in-law argues sanctions were unjustified because her untimely disclosure was only minimally delayed. But Sister-in-law filed her pretrial statement, including disclosures on evidence and witnesses, the day before trial. The filing of a pretrial statement and disclosures on the eve of trial causes substantial prejudice. *See Allstate Ins. Co. v. O'Toole*, 182 Ariz. 284, 288 (1995) ("A slight delay . . . where the trial date has not yet been set, clearly may be less prejudicial than that resulting from an attempt to disclose new witnesses just before trial."). Because the disclosure was made on the eve of trial, Sister did not have the opportunity to investigate, prepare a thorough cross-examination, or evaluate how the untimely disclosures affected her theory of the case. This is substantial prejudice.

¶12 Although the superior court did not require Sister-in-law to file a pretrial statement, it clearly explained she must disclose a "list of witnesses and exhibits with the Court at least five days prior" to trial, the same deadline it had set for the pretrial statement. The court even warned Sister-in-law that failure to do so could result in "precluding either a witness or an exhibit." Sister-in-law has shown no error.

## III. Sister-in-Law Did Not Demonstrate That Sister Committed Fraud on the Court.

¶13 Sister-in-law argues Sister committed fraud on the court by submitting a fraudulent protective order at trial. "When a party obtains a judgment by concealing material facts and suppressing the truth with the intent to mislead the court, this constitutes a fraud upon the court, and the court has the power to set aside the judgment at any time." *Cypress on*

*Sunland Homeowners Ass'n v. Orlandini*, 227 Ariz. 288, 299 ¶ 42 (App. 2011). "Fraud on the court must be established by clear and convincing evidence, and it necessarily requires that the perpetrator knew at the time that the offending conduct was false or would mislead the court." *Garcia v. Ison*, __ Ariz. ___ , ___ ¶ 14, 576 P.3d 117, 121 (App. 2025).

**¶14** During trial, Sister introduced into evidence an order of protection filed by Decedent against Sister-in-law. The case number on the exhibit was originally stamped FC and then corrected to FN. Sister-in-law objected to its admission, arguing the FC stamp showed the case number corresponded with a different case. The superior court took judicial notice that the case number began with FN, rather than FC as Sister-in-law believed, and admitted the exhibit.

**¶15** Sister-in-law has not demonstrated that any supposed error in the case number on the exhibit indicates that Sister "conceal[ed] material facts" or "suppress[ed] the truth with the intent to mislead the court." *See Cypress*, 227 Ariz. at 299 ¶ 42. She therefore has not shown fraud on the court. *Id.* The superior court's search of case records, which prompted judicial notice, showed the stamped case number on the exhibit reflected the correct case.

## IV. Sister-in-Law Has Not Demonstrated Judicial Bias.

**¶16** Sister-in-law asserts the superior court's actions in sanctioning her, admitting Sister's exhibit, and making comments to the parties, amounted to judicial bias that denied her a fair proceeding.

**¶17** "A party challenging a trial judge's impartiality must overcome the presumption that trial judges are free of bias and prejudice." *Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 63 ¶ 29 (App. 2010) (internal quotation marks and citation omitted). "Judicial rulings alone do not support a finding of bias or partiality without a showing of an extrajudicial source of bias or a deep-seated favoritism." *Stagecoach Trails MHC, L.L.C. v. City of Benson*, 232 Ariz. 562, 568 ¶ 21 (App. 2013).

**¶18** As discussed above, the superior court did not err in sanctioning Sister-in-law or admitting Sister's exhibit. And Sister-in-law has not shown how these rulings otherwise overcome the presumption that trial judges are free from bias. Although Sister-in-law asserts the superior court made comments that reflected "strategic guidance to opposing counsel," she does not properly cite to the alleged "guidance" and this Court's review of the trial transcripts reveals none. That portion of her argument is therefore waived. *See Sholes v. Fernando*, 228 Ariz. 455, 460 ¶ 14,

n.3 (App. 2011) ("[T]he argument fails to make any citations to the record or to the relevant authority. Therefore, the argument is waived."); Ariz. R. Civ. App. P. 13(a)(7)(A) (An argument must contain "appropriate references to the portions of the record on which the appellant relies.").

## V. The Record Contains Substantial Evidence to Support the Superior Court's Findings.

¶19 Sister-in-law argues the superior court's findings lacked evidentiary support and the court misapplied the law. Specifically, she argues: (1) the court's finding of undue influence was unsupported, (2) the court could not conclude Decedent was of unsound mind without expert testimony, (3) the court mischaracterized Sister-in-law's prior conviction as *crimen falsi* (a crime of falsehood), and (4) Sister was not a credible witness. "In reviewing a trial court's findings of fact, we do not reweigh conflicting evidence . . . but examine the record only to determine whether substantial evidence exists to support the trial court's action." *In re Est. of Pouser*, 193 Ariz. 574, 579 ¶ 13 (1999).

¶20 The following, non-exclusive, eight factors "have been treated as significant indicia of the presence or absence of such [undue] influence:"

> Whether the alleged influencer has made fraudulent representations to the testat[or]; whether the execution of the will was the product of hasty action; whether the execution of the will was concealed from others; whether the person benefited by the will was active in securing its drafting and execution; whether the will as drawn was consistent or inconsistent with prior declarations and plannings of the testat[or]; whether the will was reasonable rather than unnatural in view of the testat[or's] circumstances, attitudes, and family; whether the testat[or] was a person susceptible to undue influence; and whether the testat[or] and the beneficiary have been in a confidential relationship.

*Rosenberg v. Sanders*, 256 Ariz. 359, 364 ¶ 26 (2023) (quoting *In re McCauley's Est.*, 101 Ariz. 8, 10–11 (1966)). "A presumption of undue influence arises when one occupies a confidential relationship with the testator and is active in preparing or procuring the execution of a will in which he or she is a principal beneficiary." *Mullin v. Brown*, 210 Ariz. 545, 547 ¶ 4 (App. 2005).

¶21 The superior court found several indicia of undue influence, including: (1) in 2020 the Department of Adult Protective Services found Decedent was a vulnerable adult and susceptible to undue influence; (2) on

the very same day Decedent signed the will and grant deed, Sister-in-law helped him leave the hospital against medical advice while he was suffering from dementia; (3) Sister-in-law benefitted from the will and acted to conceal the will from other family members; (4) the will was inconsistent with Decedent's previous wishes; (5) it was unnatural for Decedent to leave the bulk of his estate to Sister-in-law, whom he had known only for about a year; and (6) a confidential relationship existed between Decedent and Sister-in-law based on her testimony.

¶22 Sister-in-law does not challenge any of these findings, except for the existence of a confidential relationship. A confidential relationship can be formed if there is "great intimacy, disclosure of secrets, [e]ntrusting of power, and superiority of position in the case of the representative." *Condos v. Felder*, 92 Ariz. 366, 371 (1962).

¶23 When addressing the existence of a confidential relationship with Decedent, Sister-in-law stated, "Okay. Well, if I did, it was the last week. Before that, he didn't trust me for nothing. . . . I would like to say that he did trust me, but I was the only one who he could trust. I'll stop there." Sister-in-law testified she "took care of" Decedent and "tried to engage in private conversations with [Decedent] all the time." She also testified she had "initially assumed that [Decedent] was susceptible to undue influence." On this record, the superior court heard substantial evidence to support its finding of a confidential relationship. Even if it did not, the other unchallenged findings of the court support a finding of undue influence. *See Rosenberg*, 256 Ariz. at 364 ¶ 26.

¶24 Sister-in-law cites no legal authority to support her position that expert testimony is required for a finding of unsound mind. Her argument is thus waived. *See Sholes*, 228 Ariz. at 460 ¶ 14, n.3; Ariz. R. Civ. App. P. 13(a)(7) (each contention must contain "citation to supporting legal authority"). Similarly, Sister-in-law's argument that the superior court improperly characterized her prior conviction for felony escape as a *crimen falsi*, a crime attributed to dishonesty, is waived because she did not object at the hearing. *See Manner v. Raskin*, 113 Ariz. 3, 4 (1976) ("failure to object" to alleged improper remarks "is deemed a waiver of the issue on appeal").

¶25 As to Sister-in-law's argument that Sister was not credible, "it is not the function of this court . . . to second-guess the credibility determinations of the judge who had the opportunity to evaluate the witnesses' demeanor and make informed credibility determinations." *In re Est. of Newman*, 219 Ariz. 260, 271 ¶ 40 (App. 2008).

## VI. The Superior Court Did Not Err in Awarding Attorney Fees.

**¶26** Finally, Sister-in-law argues the superior court's award of $75,343 in attorney fees was improper and excessive. This Court reviews the award for an abuse of discretion. *See In re Aiylam & Saranya Krishnan Living Tr.*, ___ Ariz. ___, ___ ¶ 13, 2026 WL 97977, at *2 (App. 2026).

**¶27** Sister-in-law argues the superior court erred in awarding attorney fees because it did not consider any of the factors set forth in *Associated Indemnity Corporation v. Warner*, 143 Ariz. 567, 570 (1985). She also argues the award of fees was improper under *Woerth v. City of Flagstaff*, 167 Ariz. 412 (App. 1990), because she does not have the financial ability to pay it. However, neither case is applicable here because both deal with the factors a court should consider when awarding attorney fees for matters arising out of contract under A.R.S. § 12-341.01. *Warner*, 143 Ariz. at 570; *Woerth*, 167 Ariz. at 420. Here, the court awarded attorney fees under A.R.S. §§ 12-1101(A), 33-420, and 44-1105 and not A.R.S. § 12-341.01.

**¶28** With respect to Sister-in-law's claim that the fees were excessive, "[a] party challenging the amount of fees requested must provide specific references to the record and specify which amount or items are excessive." *In re Indenture of Tr. Dated Jan. 13, 1964*, 235 Ariz. 40, 52-53 (App. 2014). In her amended opening brief, Sister-in-law does not specify which fees were excessive. Thus, the superior court's award of attorney fees is affirmed.

## VII. Sister-in-Law's Appellate Briefs.

**¶29** Sister asserts "Appellant's Amended Opening Brief appears to be copied and pasted from Artificial Intelligence software, resulting in a seventy-two-page brief that is difficult to understand." This Court's review reveals that several of Sister-in-law's legal citations contain substantial defects, including unsupported premises and fabricated quotations. Thus, this Court finds Sister-in-law's opening brief and reply brief violate Arizona Rule of Civil Appellate Procedure 13(a)(7), which requires that arguments contain citations to legal authority.

**¶30** Compliance with this Court's rules is not optional. The integrity of the appellate process depends on accurate and honest advocacy. In the future, failure to provide accurate legal authority may result in sanctions. *See* Ariz. R. Civ. App. P. 13(a)(7).

## VIII. Attorney Fees on Appeal.

¶31 Sister requests attorney fees and costs on appeal pursuant to A.R.S. §§ 33-420, 14-1105, and 12-342. In its discretion, this Court denies Sister's request for attorney fees. Because Sister is the prevailing party, this Court awards her costs pursuant to A.R.S. § 12-342 upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶32 For the foregoing reasons, this Court affirms the superior court's judgment.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR